Edward Lee **YAKLIN**, Appellant,

v.

**GLUSING, SHARPE & KRUEGER**
**a Partnership, et al., Appellees.**

No. 13–92–531–CV.

Court of Appeals of Texas,
Corpus Christi.

March 24, 1994.

---

Robert N. Carnahan, Corpus Christi, for appellant.

Thomas F. Nye, David H. Crago, Brin & Brin, Gaston M. Broyles, Jr., Broyles & Pratt, Deborah R. Sundermann, Corpus Christi, for appellees.

Before KENNEDY, DORSEY and GILBERTO HINOJOSA, JJ.

**OPINION**

DORSEY, Justice.

This is an appeal from summary judgments granted in favor of the defendants, the Estate of Nelson Sharpe, deceased,[1] and James Krueger, in a legal malpractice case. Edward Lee Yaklin sued Sharpe and Krueger, individually, and the firm of Glusing, Sharpe and Krueger for legal malpractice and violations of the Deceptive Trade Practices Act (DTPA).[2] After summary judgments were granted for Sharpe and Krueger, Yaklin non-suited the law firm. Yaklin contests the propriety of those summary judgments by one point of error. We reverse the

summary judgment in favor of Sharpe and affirm as to Krueger.

Yaklin's action against the defendants is based on Sharpe's alleged mishandling of the refinancing of Yaklin's business that resulted in changing his separate property into community property belonging to him and his wife, Cynthia. Krueger later represented Cynthia Yaklin in divorce proceedings against him. Yaklin contends that he was damaged in the divorce action because Sharpe's drafting of the refinancing documents altered the separate property character of his assets. Yaklin also claimed that Krueger, as Sharpe's partner in the law firm of Glusing, Sharpe, and Krueger, was disqualified from handling Cynthia's divorce action against him.

Both Sharpe and Krueger moved for summary judgment. Summary judgment was granted on Sharpe's motion January 9, 1992, and on Krueger's motion August 4, 1992. Thereafter, the partnership was non-suited and the orders became final and appealable.

Appellant had a used car business, Eddie's Used Cars in Kingsville, and he financed many of the cars sold there. In September 1988, he married Cynthia Yaklin, he changed banks handling the financing of his inventory to Kleberg First National Bank in February 1989, and authorized his wife to approve titles, accept drafts, and sign loan documents. The bank requested and received a promissory note, deed of trust and security interest from appellant and his wife on his business property. The lawyer preparing the various documents was Nelson Sharpe, who had been the bank's attorney for over 20 years.

Yaklin's action against each appellee is based on Sharpe's alleged negligence in preparing documents for him, changing separate property into community, to Yaklin's damage during his divorce. There are two bases for Krueger's liability: his partnership with Sharpe resulting in his liability for Sharpe's professional negligence, and his conflict of

1. Nelson Sharpe, now deceased, was sued through the coadministrators of his estate, Nelson Sharpe III and Francis C. Sharpe.

2. We do not specifically address the DTPA claims made by appellant below because he has not

raised them in his brief. However, it appears that an attorney-client relationship is required for a DTPA action against an attorney. *Johnson v. DeLay*, 809 S.W.2d 552, 553 (Tex.App.—Corpus Christi 1991, no writ).

interest in representing Cynthia Yaklin in her divorce against appellant when Sharpe had represented Yaklin in his refinancing transaction.

### Sharpe's Summary Judgment

Sharpe's motion for summary judgment attempted to negate the existence of an attorney client-relationship with Yaklin and the existence of a partnership with Krueger. Sharpe presented the following affidavits in support of his motion: Francis C. Sharpe, co-administrator of the estate of Nelson Sharpe, who denied the existence of a partnership with Krueger; Scott Dobbs, the President of First National Bank of Kingsville, who described the banking transaction and the relationship between Sharpe and the bank; and Carolyn Hoffman, the manager of the title company that handled the closing of Yaklin's refinancing with the bank, who described the procedure for refinancing, the nature of the transaction, and recited that it was customary for the borrower to pay the bank's attorney's fees.

Yaklin's response included his own affidavit and the affidavits of three attorneys from the Corpus Christi area. Yaklin's affidavit stated that he had been doing business selling used cars as Eddie's Used Cars for 14 years as a sole proprietor; than beginning in 1986, he used Mr. Nelson Sharpe as his personal attorney, retaining him for representation in a paternity action that had been filed against him. He married Cynthia in September 1988. In the latter part of 1988, he decided to move his banking business from another bank to Kleberg First National Bank. He wanted his wife to have the ability to accept drafts for him and approve titles. He went to Kleberg First National Bank, had his credit approved, and was asked by a banker, Mr. Lupe Alvarez, who he wanted to prepare the paperwork. Yaklin responded that Nelson Sharpe was his lawyer, and Alvarez said that Sharpe was fine because he also did work for the bank.

Yaklin then went to see Sharpe, who officed upstairs from the bank. Yaklin told Sharpe what needed to be done, and that he wanted Cynthia to be able to approve car titles. Yaklin was later notified the papers were ready, and he went to a title company and signed them on February 7, 1989. Yaklin states in his affidavit that Sharpe had represented him twice previously, in the paternity action and in giving him advice as to the repossession of a car. Yaklin states: "Most certainly in my mind he was my lawyer" and "[a]t no time did he hint or suggest in words or by actions that he was representing the interest of the bank, and not me."

The summary judgment granted Sharpe was explicitly premised on the holding that no attorney-client relationship existed. Our review of that judgment is limited to the basis relied on by the trial judge. *State Farm Fire & Casualty Co. v. S.S. & G.W.*, 858 S.W.2d 374, 380 (Tex.1993).

The action asserted against Sharpe is legal malpractice, a tort. In order to establish liability, a claimant must establish a duty, a breach of that duty, and damages that result from the breach. The duty implicated is that which an attorney owes a client, and before any duty arises there must first be an attorney-client relationship. The attorney-client relationship is a contractual relationship, whereby the attorney agrees to render professional services for the client. *See Parker v. Carnahan*, 772 S.W.2d 151, 156 (Tex.App.—Texarkana 1989, writ denied). Such a contract may be either express or it may be implied from the actions of the parties. *Perez v. Kirk & Carrigan*, 822 S.W.2d 261, 265 (Tex.App.—Corpus Christi 1991, writ denied).

Once the attorney-client relationship is established, numerous duties are owed the client by the lawyer, which, among others, are to use utmost good faith in dealings with the client, to maintain the confidences of the client, and to use reasonable care in rendering professional services to the client. The duties flow from the relationship, and Yaklin, the plaintiff at trial, has the burden of proving the existence of the attorney-client relationship. However, when the defendant moves for a summary judgment because no attorney-client relationship exists, the defendant takes on the burden of proving the non-existence of the relationship as a matter of law.

**384**

In reviewing a summary judgment certain well established rules apply. A defendant is entitled to summary judgment if he can negate a single essential element of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970). We review a summary judgment to determine whether the summary judgment proof establishes as a matter of law that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. *Id.* The movant has the burden to show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). All evidence favorable to the non-movant will be taken as true and all reasonable inferences must be indulged in favor of the non-movant. *Id.*

In this summary judgment proceeding, the burden is on Sharpe, the movant, to negate the existence of the attorney-client relationship. Sharpe attempted to do so through the affidavits of Hoffman and Dobbs. The Hoffman and Dobbs affidavits describe a transaction which usually involves Sharpe handling the paperwork for the bank, solely on the bank's behalf. They establish that Sharpe had an attorney-client relationship with the bank. As such, however, they do not necessarily negate the possibility of Sharpe representing Yaklin as well in the transaction. *See Dillard v. Broyles*, 633 S.W.2d 636, 642–43 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.), *cert. denied*, 463 U.S. 1208, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983) (dual representation proper under some circumstances). Given the inferences allowed a non-movant's evidence in a summary judgment proceeding, we cannot say that Sharpe was not representing Yaklin as a matter of law.

There is a genuine issue of material fact whether there was an attorney-client relationship between Yaklin and Sharpe for this transaction. Point of error one regarding the Sharpe summary judgment is sustained.

### Krueger's Summary Judgment

Krueger's motion for summary judgment was premised on no partnership with Sharpe, that his representation of Cynthia Yaklin was a matter not substantially related to the refinancing in which Sharpe assisted, that Yaklin was estopped to raise the conflict of interest in this proceeding, and that there was no causal link between the alleged malpractice and any damages. His proof consisted of his own affidavit and affidavits from Frances C. Sharpe, Guadalupe Alvarez, vice president of Kleberg First National Bank, Dobbs, and Hoffman. Additionally, Krueger attached excerpts from the trial of the divorce case.

The trial court did not indicate the grounds it found justified a summary judgment. Under those circumstances, an order granting a summary judgment may be upheld on any valid basis on which it was requested. *Benavides v. Moore*, 848 S.W.2d 190, 192 (Tex.App.—Corpus Christi, 1992, writ denied).

Yaklin alleges that Sharpe's malpractice resulted in changing Yaklin's business from his separate property into community property owned by him and his wife Cynthia. He claims this transformation damaged him at the time of his divorce, because it resulted in a larger community estate and a larger distribution to Cynthia Yaklin than would have otherwise occurred. The transcript of the final hearing on the divorce reveals that appellant and Cynthia stipulated that all realty, including the land on which the car business was located, was appellant's separate property. The parties also stipulated that the notes receivable held by Eddie's Used Cars for cars sold prior to the marriage totaled $867,756.07, and the notes for cars sold during the marriage totaled $2,491,920.64, and that all such receivables were community property. In the divorce decree, Yaklin was awarded his business and all notes receivable, both dated prior to and after September 11, 1988. Cynthia was awarded $238,731.34 and personalty.

Yaklin's response to the motion for summary judgment does not address the issue of causation, therefore, we must determine whether the movant met his burden to disprove or negate an element of the non-movant's claim. *Gibbs*, 450 S.W.2d at 828. A claim for legal malpractice sounds in tort

and requires duty, breach, cause, and harm. *See Cosgrove v. Grimes,* 774 S.W.2d 662, 664 (Tex.1989); *Stonewall Surplus Lines Ins. Co. v. Drabek,* 835 S.W.2d 708, 710 (Tex.App. 1992). Causation is a critical element which if negated by appellee entitles him to summary judgment.

■ In any divorce action, the burden is on the party claiming that property is separate property to come forward with clear and convincing evidence to rebut the community presumption. TEX.FAM.CODE ANN. § 5.02 (Vernon 1993). All property acquired during the marriage is presumed to be community property. *See* TEX.FAM.CODE ANN. §§ 5.01, 5.22 (Vernon 1993), and all income, whether from separate or community property, is community property.

At the divorce, Yaklin had the burden to prove that any income or notes receivable earned during the marriage to Cynthia was not community property. Yaklin could have attempted to trace his ownership of the business back to before his marriage. Had he been successful, only the *profit* from the notes receivable would have been presumptively community in character. Rather than attempt that burden, the judgment proof reflects that Yaklin stipulated (through counsel) to the community character of the notes receivable which resulted in the *entire* proceeds of the notes being community in nature. Such stipulations by counsel in open court are binding on the parties. *Gulf Const. Co. v. Self,* 676 S.W.2d 624, 630 (Tex.App.— Corpus Christi 1984, writ ref'd n.r.e.). In the face of such a stipulation, there was no reason for the trial court to make findings as to the character of the notes receivable. There is no evidence that, but for Sharpe's draftsmanship, the entirety of the notes would have been separate property, or that the trial judge's award to Cynthia was predicated on the separate or community nature of the notes. Because Yaklin made no effort to prove the extent of the separate property character of the business or the notes, he cannot now complain he was damaged by Sharpe's drafting of the refinancing docu-ments. We hold there was no causation as a matter of law between the alleged malpractice and damages to appellant.

■ Krueger's liability to Yaklin could be predicated either on Krueger's partnership with Sharpe and liability through the partnership, or on his separate liability to Yaklin for his own acts, allegedly the conflict of interest when he represented Cynthia against Yaklin during the divorce. During the divorce hearing, in open court, Yaklin, through counsel, stated that he was not raising the issue of conflict of interest. We hold he waived any potential cause of action on the grounds of conflict of interest.[3]

Because Krueger negated an essential element of the legal malpractice cause of action against Sharpe and because Yaklin waived his independent claim for conflict of interest against Krueger, summary judgment was proper as to Krueger.

We REVERSE the summary judgment granted in favor of Sharpe and REMAND for trial on the merits and AFFIRM the summary judgment in favor of Krueger.

---

**3.** Our finding of waiver of the conflict of interest cause of action makes it unnecessary to address whether there was a substantial relationship be-tween Sharpe's representation of Yaklin in the refinancing and Krueger's representation of Cynthia during the divorce.