OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 9, 2000

The Honorable José R. Rodríguez
El Paso County Attorney
County Courthouse
500 E. San Antonio, Room 203
El Paso, Texas 79901

Opinion No. JC-0192

Re: Eligibility for service on an appraisal review
board (RQ-0108-JC)

Dear Mr. Rodríguez:

You have requested our opinion regarding the eligibility to serve of a current member of the board of directors of the El Paso Appraisal Review Board (the "EPARB"). For the reasons set forth below, we conclude that he is ineligible to continue to serve on the board.

Section 6.41 of the Tax Code establishes an appraisal review board for each appraisal district. Members "are appointed by resolution of a majority of the appraisal district board of directors." TEX. TAX CODE ANN. § 6.41(d) (Vernon Supp. 2000). "A vacancy on the board is filled in the same manner for the unexpired portion of the term." *Id.* "Members of the board hold office for terms of two years beginning January 1." *Id.* § 6.41(e).

Section 6.412(d) of the Tax Code provides:

> (d) A person is ineligible to serve on the appraisal review board of an appraisal district established for a county having a population of more than 100,000:
>
> (1) if the person:
>
> (A) *has served for all or part of three previous terms as a board member or auxiliary board member on the appraisal review board*; or
>
> (B) is a former member of the board of directors, officer, or employee of the appraisal district; or
>
> (2) if the person served as a member of the governing body or officer of a taxing unit for which the appraisal district appraises

> property, until the fourth anniversary of the date the person ceased to be a member or officer; or
>
> (3) *if the person has ever appeared before the appraisal review board for compensation.*

TEX. TAX CODE ANN. § 6.412 (Vernon Supp. 2000) (emphasis added).

You first ask whether a member of an appraisal review board appointed prior to the effective date of House Bill 79,[1] which enacted the present version of subsection 6.412(d), is ineligible to serve if he or she has previously served at least three terms on the board. The issue here is whether subsection 6.412(d) implicitly contains a grandfather clause, so that the three-term limit is inapplicable to members serving on June 18, 1999. The bill that enacted the prior version of subsection (c) [current subsection (d)], contained the following provision:

> The changes in law made by this Act in the qualifications of members of an appraisal review board do not affect the entitlement of a member serving on a board immediately before the effective date of this Act to continue to serve on the board and to participate in board hearings for the remainder of the member's term. The changes in law apply only to a member appointed on or after the effective date of this Act. . . . .

Act of May 19, 1997, 75th Leg., R.S., ch. 691, § 3(a), 1997 Tex. Gen. Laws 2312, 2313.

The 1999 revision of what is now subsection (d) does not contain a grandfather clause. As the Supreme Court has declared, the intent of a statute must be determined by examining the statutory language. *Jones v. Del Andersen & Assocs.*, 539 S.W.2d 348, 350 (Tex. 1976). Language excluded from a statute "must . . . be presumed to have been excluded for a purpose." *Laidlaw Waste Systems, Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995) (citing *Cameron v. Terrell and Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981)). Senator David Cain indicates that the grandfather clause "was inadvertently deleted from the final version of House Bill 79." Letter from Honorable David Cain, Senator, to Honorable John Cornyn, Attorney General, at 1 (Nov. 5, 1999) (on file with Opinion Committee). The intent of an individual legislator, however, even the statute's principal author, does not constitute legislative history controlling the construction to be given a statute. *General Chemical Corp. v. De La Lastra*, 852 S.W.2d 916, 923 (Tex. 1993). Despite the intent of Senator Cain, we have no basis on which to conclude that the language adopted by the full legislature does not reflect the legislature's collective intent. Thus, we must construe the current version of section 6.412(d) as lacking a grandfather clause.

---

[1] Act of May 17, 1999, 76th Leg., R.S., ch. 639, 1999 Tex. Gen. Laws 3209 (effective June 18, 1999).

Subsection 6.412(d) speaks in terms of "eligible to serve" rather than "eligible to be appointed." When used as an intransitive verb, "serve" means, *inter alia*, "to perform official duties, hold office (*e.g.*, as sheriff or M.P., or on a jury)." XV OXFORD ENGLISH DICTIONARY 29 (2d ed. 1989). According to the Code Construction Act, "[w]ords in the present tense include the future tense." TEX. GOV'T CODE ANN. § 311.012(a) (Vernon 1998). Prior opinions of this office, relying on *Phagan v. State*, 510 S.W.2d 655 (Tex. Civ. App.–Fort Worth, writ ref'd n.r.e.), have held that, even when a statute is couched in terms of "eligible for appointment," it imposes a continuing eligibility requirement. Tex. Att'y Gen. Op. Nos. H-1065 (1977) at 2; H-578 (1975) at 2. In our opinion, there can be no doubt that "eligible to serve" requires that a board member retain that eligibility throughout his tenure. Accordingly, a member of an appraisal review board who, on June 18, 1999, had served all or part of three terms *prior* to the term he was then serving, became ineligible for continued service on the board.

You next ask whether a current member of an appraisal review board who was appointed prior to June 18, 1999, becomes ineligible to serve if the member appeared before the board for compensation prior to the effective date of the statute. We have previously determined that, because subsection (d) does not contain a grandfather clause, it is applicable to all persons serving on the effective date of that provision's latest amendment, *i.e.*, June 18, 1999. Similarly, since the statutory language speaks in terms of eligibility to serve, it imposes a continuing requirement. Thus, a member of the board is ineligible for further service after June 18, 1999, if, prior to that date, he "ever appeared before the appraisal review board for compensation." TEX. TAX CODE ANN. § 6.412(d)(3) (Vernon Supp. 2000).

Your third question is premised on the role of the individual who is the principal focus of your request. According to the attorney for the El Paso Central Appraisal District ("EPCAD"), the individual in question was appointed to the Board of Directors of the El Paso Appraisal Review Board ("EPARB") on March 4, 1999, but was not sworn in until May 21, 1999. You indicate that, until May 13, 1999, he served as counsel to both the EPCAD *and* EPARB, providing "legal advice and representation" to both these entities. Letter from Honorable José R. Rodríguez, El Paso County Attorney, to Honorable John Cornyn, Attorney General, at 1 (Dec. 15, 1999) (on file with Opinion Committee). You ask whether his presence as a paid legal adviser to either the EPCAD or the EPARB constituted an "appearance before the board for compensation" for purposes of the disqualification of subdivision (3) of subsection 6.412(d). We need not address that matter, however, because of the circumstances of the appointment of this particular individual require the conclusion that he was otherwise ineligible to be appointed to the EPARB.

At the time of his appointment, the individual at issue was ineligible to be appointed to the EPARB pursuant to section 6.413 of the Tax Code, which provides, in relevant part:

> (a) An individual is not eligible to *be appointed* to or to serve on the appraisal review board established for an appraisal district if the *individual or a business entity in which the individual has a*

*substantial interest is a party to a contract* with the appraisal district
or with a taxing unit that participates in the appraisal district.

TEX. TAX CODE ANN. § 6.413(a) (Vernon 1992) (emphasis added). While the attorney for the EPCAD asserts that the person of whom you inquire did not have a written contract to perform legal services for the appraisal district, *see* Letter from Robert Mott, Attorney at Law, to Honorable José R. Rodríguez, El Paso County Attorney (Nov. 22, 1999) (on file with Opinion Committee), he was clearly not an employee, and the only possible conclusion is that he was, in his capacity as attorney, a party to some kind of contract with the district. *See Yaklin v. Glusing, Sharpe & Krueger*, 875 S.W.2d 380, 383 (Tex. App.–Corpus Christi 1994, no writ) (attorney-client relationship is a contractual relationship, whereby the attorney agrees to render professional services for the client); *see also, Simpson v. James*, 903 F.2d 372, 376 (5th Cir. 1990). Furthermore, as EPCAD's attorney acknowledges, the individual in question was *appointed* to the EPARB on March 4 (although not sworn in until May 21), and continued to perform the duties of counsel until May 13, 1999. Letter from Robert Mott, Attorney at Law, to Honorable John Cornyn, Attorney General (Jan. 28, 2000) (on file with Opinion Committee). Unlike its counterpart in section 6.412, which relates to restrictions on eligibility for *service* on an appraisal review board, section 6.413 makes clear that a person may not be *appointed* to the board if, at the time of his appointment, he is "a party to a contract" with the appraisal district. Since the individual in question was "a party to a contract" for legal services at the time of his appointment on March 4, it follows that he was ineligible for such appointment.

Finally, you ask about the effect of the member's ineligibility on actions taken by the EPARB. Even an ineligible individual is a *de facto* officer. *See Rivera v. City of Laredo*, 948 S.W.2d 787 (Tex. App.–San Antonio 1997, writ denied). Furthermore, the acts of neither the individual board member nor the board as a whole are subject to collateral attack on the ground that the particular member was ineligible for continued service. *See* Tex. Att'y Gen. Op. No. JM-874 (1988). We therefore conclude that, since the individual in question occupied the status of a *de facto* officer, his ineligibility did not affect any actions taken by the board during his tenure.

## S U M M A R Y

An individual who served as legal counsel to the El Paso Central Appraisal District was not eligible to be appointed to the El Paso Appraisal Review Board, pursuant to section 6.413 of the Tax Code. Section 6.412 thereof does not contain a grandfather clause, and is thus applicable to all members of an appraisal review board on the effective date of the statutory amendment. The ineligibility of a board member does not affect actions taken by the board during his tenure.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee