MEMORANDUM OPINION

No. 04-05-00146-CV

John LEVESQUE,
Appellant

v.

Ressie LEVESQUE,
Appellee

From the 288th Judicial District Court, Bexar County, Texas 
Trial Court No. 2002-CR-12564
Honorable Andy Mireles, Judge Presiding
 
Opinion by:    Sandee Bryan Marion, Justice
 
Sitting:            Catherine Stone, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice

Delivered and Filed: January 11, 2006

AFFIRMED

            In this appeal from the trial court’s Final Decree of Divorce, appellee challenges the court’s
characterization of certain real property and its division of property, both separate and community. 
We affirm.
AWARD OF REAL PROPERTY
            In the decree, the court awarded to appellee as her separate property certain real property
“commonly known as 19070 IH 35 North, Schertz, Comal County, Texas” (“the 19070 property”). 
In his first issue, appellant asserts the 19070 property was purchased for approximately $100,000;
he contributed $80,000 and appellee contributed $23,000, each in separate funds to purchase the
property. Appellant asserts the court erred because it did not first characterize the property as either
community or separate property before awarding the property to appellee. We construe appellant’s
argument as asserting that the court divested him of his separate property interest in the 19070
property.
            The trial court also ordered that certain real property “commonly known as 23950 IH 35
North, New Braunfels, Comal County, Texas” (“the 23950 property”) be sold and the net proceeds
be divided fifty percent to appellant and fifty percent to appellee. In his second issue, appellant
asserts he contributed $39,000 in his separate funds to the acquisition of the property and the court
erred by failing to award him this amount as his separate property. 
            Property possessed by either spouse during or on dissolution of marriage is presumed to be
community property. Tex. Fam. Code Ann. § 3.003(a) (Vernon 1998). A party attempting to
overcome this presumption must identify and trace the property claimed as separate property by clear
and convincing evidence. Id. § 3.003(b); Tarver v. Tarver, 394 S.W.2d 780, 783 (Tex. 1965). 
Tracing involves establishing the separate origin of the property through evidence showing the time
and means by which the spouse originally obtained possession of the property. McKinley v.
McKinley, 496 S.W.2d 540, 543 (Tex. 1973); Hilliard v. Hilliard, 725 S.W.2d 722, 723 (Tex.
App.—Dallas 1985, no writ). Mere testimony that property was purchased with separate property
funds, without any tracing of the funds, is generally insufficient to rebut the presumption. Bahr v.
Kohr, 980 S.W.2d 723, 728 (Tex. App.—San Antonio 1998, no pet.); McElwee v. McElwee, 911
S.W.2d 182, 188 (Tex. App.—Houston [1st Dist.] 1995, writ denied). 
            There is no dispute that the 19070 property was acquired during the marriage for $100,000
in cash and that the 23950 property was acquired during the marriage with a down payment of
$38,000 and the balance financed through a credit union. The title to both properties was in both
parties’ names. At trial, appellant’s only testimony regarding the 19070 property was “I’ve put in
over 80,000 and she put in 23.” Appellant’s only testimony regarding the 23950 property was “I put
39,000 out of my personal money into it.” No tracing of these purported separate funds was
provided to the trial court. Therefore, appellant did not overcome the presumption that each property
was community property. 
AWARD OF PERSONAL PROPERTY
            The trial court awarded two businesses to appellant as his separate property. However, the
court ordered, with certain exceptions, that all funds in all financial institutions be deposited into the
court’s registry. The court then awarded fifty percent of the funds to appellant and fifty percent to
appellee, with one exception: the court allowed appellee to withdraw $7,999.50 from an account at
Randolph Brooks Federal Credit Union, “representing the balance of sums previously awarded to
[appellee] by Court order dated October 13, 2004.” In his third issue, appellant complains that the
court erred in awarding appellee fifty percent of the funds because those funds were his business
accounts and, therefore, his separate property.
            Any income earned during a marriage is presumed to be community property. Tex. Fam.
Code Ann. §§ 3.002, 3.003(a), 3.102(a)(1); McCormick. Yaklin v. Glusing, Sharpe & Krueger, 875
S.W.2d 380, 385 (Tex. App.—Corpus Christi 1994, no writ).
            Appellee testified that one of the businesses, Ace Roofing and Remodeling, was started
during their marriage. Appellee was an officer and employee of Ace Roofing, which she described
as a lucrative business. The other company, Real Estate Renovators, was operated by appellant
before the marriage. According to appellant, both companies generated income. No evidence was
submitted to indicate the source of the funds in the financial institutions; therefore, appellant did not
establish that the funds were generated by either one or both of the companies. Also, even if the
source of the funds was the income of the businesses, no evidence was submitted to rebut the
presumption that such income was community property. 
DIVISION OF COMMUNITY ESTATE
            In his fourth issue, appellant asserts the trial court effected an unequal division of community
property without a reasonable basis. According to appellant, an eighteen-month marriage dissolved
solely on grounds of insupportability was not a reasonable basis for an unequal division of
community property.  It was appellant’s burden to show not only that an inequality in the division
of the community was manifestly unjust because of the valuation, but also that such inequality was
of such substantial portions that it constituted an abuse of the trial court’s discretion. See King v.
King, 661 S.W.2d 252, 255 (Tex. App.—Houston [1st Dist.] 1983, no writ). Here, the record does
not indicate the relative value of the community property each party received. Based on the record
before us, we are unable to determine whether the property division was, in fact, disproportionate. 
Therefore, appellant has not met his burden. 
CONCLUSION
            We overrule appellant’s issues on appeal and affirm the trial court’s judgment.
 
Sandee Bryan Marion, Justice