John I. STANCU, Appellant,

v.

Brett B. STALCUP, Appellee.

No. 05–02–01681–CV.

Court of Appeals of Texas,
Dallas.

Feb. 18, 2004.

John I. Stancu, Dallas, pro se.

Brett B. Stalcup, Dallas, pro se.

Before Justices JAMES, FITZGERALD and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

This is an appeal by John Stancu from an order granting a motion for summary judgment that dismissed all of Stancu's claims against Brett B. Stalcup. Stancu contends that the trial court erred by "evaluating the summary judgment evidence improperly," and by granting the motion for summary judgment because there were genuine issues of material fact. We affirm in part and reverse and remand in part.

## BACKGROUND

In his First Original Petition and Jury Demand, Stancu alleged that he entered into a contract with two attorneys, Stalcup and Atkerson, to represent him in a lawsuit he had previously filed pro se on behalf of himself and St. Mary's Romanian Orthodox Church against a former church member.[1] He contended that his agreement with Stalcup and Atkerson was that they would represent the church as well as him individually in that lawsuit, that he would perform $6,500 worth of stone work at Stalcup's home, and that Stalcup would pay him $4,000 for the stone work and consider the remaining $2,500 worth of work as payment for the attorney's fees for the representation of both Stancu and the church in that lawsuit. Stancu contended that Stalcup and Atkerson did not pursue his individual civil claims in that lawsuit as promised, that they wrongfully dismissed the claims brought on behalf of the church, that Stalcup did not pay Stancu for stonework he performed at his home, that they failed to professionally

---

1. In his pro se petition against the former church member, Stancu alleged a cause of action on behalf of the church for embezzle- ment and a cause of action on behalf of himself and unnamed church members for intentional infliction of emotional distress.

represent him in three related misdemeanor cases and that there was a pattern and practice of manipulating, misleading and failing to inform Stancu of actions they took on his behalf.

Stalcup filed a motion for summary judgment contending that he did not represent Stancu individually in the lawsuit brought on behalf of the church, that Stancu was not in privity with Stalcup regarding that lawsuit and that Stancu did not have standing to assert any claims relating to that lawsuit. Stalcup's motion for summary judgment and evidence submitted in support of the motion did not address Stancu's other claims. In his opposition to Stalcup's motion for summary judgment, Stancu conceded that he was suing Stalcup for his "representation of Stancu, not because of Stalcup [sic] representation of the church." He contended that the defendants did agree to represent him individually and that Stalcup's motion for summary judgment had not addressed Stancu's other claims. Stancu submitted his affidavit in opposition to Stalcup's motion in which he stated that he had hired Atkerson and Stalcup to represent him individually, that they had agreed to represent him in his individual claims against the former church member, that he had not been paid for the stone work he had performed at Stalcup's home, that they had failed to represent him properly in his related misdemeanor claims, and that they had "bilked" him of "money and services for promised legal services that they did not delivered[sic]."

The court granted Stalcup's motion for summary judgment and made the following findings:

The Court finds there is no genuine issue of material fact as to Defendant's affirmative defenses of lack of privity of contract and of lack of standing to sue and Defendant is entitled to summary judgment thereon.

The Court finds Defendant is entitled to summary judgment as a matter of law because the Plaintiff lacks privity of contract with the Defendant, Brett B. Stalcup, and lack[sic] standing to sue Defendant, Brett B. Stalcup.

On October 25, 2002, Stancu filed his notice of appeal.[2] At the time Stancu filed his notice, the summary judgment as to Stalcup was not final. On October 30, 2002, the trial court entered a Final Judgment which recited that both Stalcup's and Atkerson's motions for summary judgment had been granted, and decreed that "Plaintiff take nothing in his suit on file herein."

## STANDARD OF REVIEW

This Court reviews a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Foreness v. Hexamer,* 971 S.W.2d 525, 527 (Tex.App.-Dallas 1997, pet. denied). When reviewing a traditional motion for summary judgment, we apply well-known standards. The issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Southwestern Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.

---

**2.** The summary judgment as to Stalcup became final October 30, 2002, when the court entered its Final Judgment and five days after Stancu filed his notice of appeal. When a notice of appeal is filed prematurely, it is effective and is deemed filed on the day of, but after, the event that begins the period for perfecting the appeal. Tex.R.App. P. 27.1(a). Stancu's notice of appeal is deemed filed October 30, 2002, after the Final Judgment signed October 30, 2002.

1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Southwestern Elec. Power Co.,* 73 S.W.3d at 215; *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999). Therefore we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true. *Rhone–Poulenc, Inc.,* 997 S.W.2d at 221. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense. *Clear Creek Basin Auth.,* 589 S.W.2d at 678.

■ If the trial court's order explicitly specifies the ground relied on for the summary judgment ruling, the summary judgment can be affirmed only if the theory relied on by the trial court is meritorious. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993). When a final summary judgment has disposed of a case but included causes of action not addressed in the underlying motion, that judgment is erroneous and must be affirmed as to the causes of action properly adjudged and remanded as to those causes of action not addressed in the underlying motion. *Pinnacle Data Servs., Inc. v. Gillen,* 104 S.W.3d 188, 199 (Tex.App.-Texarkana 2003, no pet.).

## ANALYSIS

### 1. Summary Judgment Relating to the Church's Claims and Stancu's Individual Claims

Stalcup's motion for summary judgment was limited to the following contentions:

(1) he did not represent Stancu individually in the lawsuit that Stancu originally filed pro se on behalf of himself and the church, and (2) Stancu was not in privity of contract with him and Stancu did not have standing to sue Stalcup for legal malpractice relating to his individual claim and the church's claim in that lawsuit.

### a. Applicable Law

■ To recover on a claim of legal malpractice a plaintiff must prove: (1) the attorney owed the plaintiff a duty; (2) the attorney breached that duty; (3) the breach proximately caused the plaintiff's injuries; and (4) damages occurred. *Peeler v. Hughes & Luce,* 909 S.W.2d 494, 496 (Tex.1995). At common law, an attorney owes a duty of care only to his or her client, not to third parties who may have been damaged by the attorney's negligent representation of the client. *Barcelo v. Elliott,* 923 S.W.2d 575, 578 (Tex.1996) (preserving a bright-line privity rule denying a cause of action to all estate beneficiaries whom the attorney did not represent). Third parties have no standing to sue attorneys on causes of action arising out of their representation of others. *Dickey v. Jansen,* 731 S.W.2d 581, 582–83 (Tex.App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.). However, "when the defendant moves for a summary judgment because no attorney-client relationship exists, the defendant takes on the burden of proving the non-existence of the relationship as a matter of law." *Yaklin v. Glusing, Sharpe & Krueger,* 875 S.W.2d 380, 383 (Tex.App.-Corpus Christi 1994, no pet.).

### b. Application of Law to Facts

■ In support of his motion for summary judgment Stalcup offered the engagement letter from the church, various

pleadings from the lawsuit, his own affidavit and the affidavit of a church member. The engagement letter from the church was signed by the church officers (including Stancu as church auditor) and acknowledged that Stalcup was the church's counsel in its suit against its former member. In his affidavit Stalcup recited that he represented the church, but not Stancu, in the lawsuit. A church member, who swore he was president of the parish council when the suit was pending, recited in his affidavit that the church had hired Stalcup to represent the church, that he had done so to their satisfaction, and that Stalcup had nonsuited the case with the church's approval. Both the church member and Stalcup swore that the church's claim in its lawsuit belonged only to the church and that Stancu had no individual interest in it. As a result, Stalcup established that he represented only the church in the action for embezzlement and that Stancu had no individual interest in the church's suit for embezzlement of church funds.

In his response, Stancu conceded that he was suing Stalcup for his representation of Stancu, "not Stalcup[sic] representation of the church." Stancu did not submit any summary judgment evidence to raise a genuine issue of material fact on that issue. As a result, the trial court properly granted Stalcup's motion for summary judgment dismissing Stancu's claim for malpractice relating to the lawsuit Stalcup filed on behalf of the church against the former church member for embezzlement of church funds. However, in his response and by his affidavit in support of his response, Stancu did raise an issue of fact regarding whether Stalcup represented him on his individual claims. As a result, the court should not have granted the mo-

tion for summary judgment dismissing all of Stancu's claims against Stalcup.

## 2. Stancu's Other Claims Against Stalcup

■ Stancu also claims that the trial court erred in "evaluating the evidence" because there were disputed issues of fact regarding whether Stalcup paid for the stone work Stancu installed at his house, whether the lawyer failed to pursue his individual claims in the civil lawsuit, whether the lawyer failed to properly represent him in the related misdemeanor cases and whether he committed a pattern and practice of manipulating, misleading and failing to inform him of actions he took on his behalf.[3] Stancu contends that Stalcup's motion did not address these claims and the record does not contain any motion or summary judgment evidence submitted by Stalcup relating to these other claims. In response, Stalcup states that "Stancu's entire cause of action was based on his claim that Stalcup represented him and that as his attorney, Stalcup committed legal malpractice, thus entitling Stancu to recover." We disagree with Stalcup's statement. Stancu contended below that Stalcup represented him individually both as to his claims in the lawsuit and as to misdemeanor charges filed against him. Although Stalcup's motion for summary judgment and supporting evidence did address the individual claims Stancu contended he had in the lawsuit, he did not address the claims regarding representation of Stancu on the misdemeanor charges. He also did not address the claim that Stancu had not been paid for work performed or the general "pattern and practice" allegations.

---

**3.** In his brief on appeal Stancu alleges additional facts contained in exhibits which were not before the trial court and which we will not consider here. *See Perry v. S.N.,* 973 S.W.2d 301, 303 (Tex.1998) (holding the court may not consider factual assertions that appear solely in the appellate briefs and not before the trial court).

To establish that he was entitled to summary judgment Stalcup was required to disprove an element of each of Stancu's claims or prove an affirmative defense. *Clear Creek Basin Auth.,* 589 S.W.2d at 678. Stalcup's motion for summary judgment only asserted Stancu's lack of privity and lack of standing to assert a malpractice claim concerning the individual and church claims in the lawsuit that was filed on behalf of the church against its former member. Stalcup's motion did not address Stancu's other claims, he did not submit summary judgment evidence relating to the other claims and did not respond to Stancu's opposition to his motion for summary judgment and to the evidence Stancu submitted in opposition to Stalcup's motion.

Nevertheless, after granting both Stalcup's and Atkerson's motions for summary judgment, the trial court entered a Final Judgment decreeing that plaintiff take nothing by way of his suit and providing "All relief not expressly granted herein is denied." "[I]f a defendant moves for summary judgment on only one of [multiple] claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final—erroneous, but final." *Jacobs v. Satterwhite,* 65 S.W.3d 653, 655 (Tex.2001) (quoting *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 200 (Tex. 2001)). In *Jacobs* the court held that the court of appeals should have affirmed summary judgment on a claim for professional negligence that had been waived on appeal, but should have reversed and remanded summary judgment on a breach of contract claim that was not addressed in the movant's motion for summary judgment. *Jacobs,* 65 S.W.3d at 656. Where, as here, a final summary judgment has disposed of a case and included causes of action not addressed in the underlying motion, that judgment is erroneous and must be affirmed as to the causes of action properly adjudged and remanded as to those causes of action not addressed in the underlying motion. *Pinnacle Data Servs., Inc.,* 104 S.W.3d at 199.

In his issues on appeal Stancu has properly identified error in the court's entry of final judgment on claims that were not addressed by Stalcup's motion. *See San Jacinto River Auth. v. Duke,* 783 S.W.2d 209, 210 (Tex.1990) (holding a court of appeals may not reverse a trial court's judgment in the absence of properly assigned error). Although Stalcup established that Stancu did not have standing to assert a claim for malpractice regarding the church's claims, we conclude that summary judgment dismissing the remainder of Stancu's claims was error.

We affirm the trial court's judgment granting summary judgment in Stalcup's favor on Stancu's legal malpractice claim against Stalcup relating to the lawsuit brought on behalf of the church. We reverse the trial court's summary judgment as to Stancu's claims regarding failure to pursue his individual claims in the civil lawsuit, his claim for payment pursuant to an agreement for stone work, his claim based on Stalcup's handling of the misdemeanor cases, and the "pattern and practice" claims. We remand these claims to the trial court for further proceedings consistent with this opinion.