COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARIA SOTELO, | § | No. 08-06-00145-CV |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 34th District Court |
| | § | |
| GORDON STEWART, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 2002-2746) |
| | § | |

**O P I N I O N**

Maria Sotelo sued attorney Gordon Stewart for legal malpractice related to Mr. Stewart's representation of Ms. Sotelo and her former husband in a 1994 breach of contract action.[1] The trial court granted summary judgment in Mr. Stewart's favor. Ms. Sotelo presents two issues for review. In Issue One, Ms. Sotelo argues Mr. Stewart failed to negate an essential element of her cause of action. In Issue Two, Ms. Sotelo contends Mr. Stewart failed to establish the elements of his limitations defense as a matter of law. We will reverse and remand for trial.

In January 1991, Daniel Sotelo signed an earnest money contract to purchase real property at 216 S. Florence, in El Paso.[2] Maria Sotelo was not involved in the transaction and

---

[1] Appellant's former husband, Daniel Sotelo, will be referred to as "Daniel Sotelo" or "Mr. Sotelo."

[2] Maria and Daniel Sotelo were married from December 28, 1971 until October 20, 2000. During the marriage, the couple acquired several pieces of real property, including their marital home at 4117 La Brigada and rental property at 421 Canal. The final divorce decree awarded both properties solely to Maria Sotelo.

did not sign the contract. Following Daniel Sotelo's default, the seller filed suit (cause number 91-2527) and obtained a judgment for $82,000 for breach of contract. The judgment was entered on December 5, 1994. Mr. Stewart was Daniel Sotelo's attorney in the case from 1991 until March 9, 1994, when the trial court granted his motion to withdraw. Maria Sotelo's name did not appear in the breach of contract case until Mr. Stewart added it to the style of his motion for a continuance in February 1994.[3]

No further action was taken on the 1994 judgment until August 2001, when the plaintiff in cause number 91-2527 obtained a writ of execution against Maria Sotelo's real property at 421 Canal, in El Paso. The property was sold by the sheriff's sale in April 2002. On July 15, 2002, Ms. Sotelo filed her original petition in this case alleging Mr. Stewart committed legal malpractice by making her a defendant in the breach of contract case despite the absence of any allegations against her.

Mr. Stewart filed his motion for summary judgment on November 28, 2005 on two grounds; a statute of limitations defense and lack of duty. In response, Ms. Sotelo argued a fact issue remained on Mr. Stewart's statute of limitations defense under the discovery rule, and that the evidence of Mr. Stewart's appearance as her attorney, via his motion for continuance, raised a fact issue on the existence of an attorney-client relationship.

In her response, Ms. Sotelo incorporated all the documents on file in cause number 91-2527, and added two affidavits. In the first affidavit, Mayra Valadez, Ms. Sotelo's daughter,

---

[3] Subsequent documents filed by both parties in cause number 91-2527 included Ms. Sotelo's name in the style of the case. The 1994 judgment states, in part, that the breach of contract plaintiffs "hereby have and recover from Defendants Daniel I. Sotelo and Maria Sotelo the sum of $82,000 and all costs of court expended or incurred in this case."

explained that during the time she lived with her parents at 4117 La Brigada in El Paso, she was authorized to sign for certified mail delivered to the home. Mayra delivered mail addressed to both Mr. and Mrs. Sotelo only to her father, Daniel. She never heard her parents discuss the contents of the letters.

In Ms. Sotelo's own affidavit, she states that she was never served with process in the breach of contract lawsuit, and never authorized Mr. Stewart to enter an appearance as her attorney. She was never notified of any actions taken in the lawsuit including the addition of her name as a party, Mr. Stewart's representation of her and her husband, and Mr. Stewart's withdrawal from the case. According to her affidavit, Ms. Sotelo only became aware of the lawsuit and judgment in 2001, when her rental property on Canal was seized and sold. She filed this suit shortly thereafter.

The trial court granted summary judgment in Mr. Stewart's favor on May 1, 2006. Ms. Sotelo challenges the trial court's entry of summary judgment in two issues. In Issue One, Ms. Sotelo argues a fact issue remains regarding the existence of an attorney-client relationship, and therefore, the trial court did not properly grant summary judgment on Mr. Stewart's "no duty" ground. In Issue Two, Ms. Sotelo asserts summary judgment was not properly granted based on Mr. Stewart's limitations defense because a genuine issue of material fact remains pursuant to the discovery rule. Because fact issues remain on both grounds, summary judgment was not properly granted.

*Standard of Review*

We review summary judgments *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In this case, Mr. Stewart filed a "traditional" motion for summary

judgment under Texas Rules of Civil Procedure 166a(c).  *See* TEX.R.CIV.P. 166a(c).  When reviewing a summary judgment, we view the evidence in the light most favorable to the non-movant and resolve any doubts against the motion.  *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006).  We must consider whether reasonable and fair-minded jurors could come to different conclusions considering all the evidence presented.  *See Spates*, 186 S.W.3d at 568.  When, as in this case, the trial court's order does not specify the ground(s) upon which it relied for its ruling, we must affirm the judgment if any of the theories asserted in the motion is meritorious.  *Garcia v. El Paso Ltd. P'ship*, 203 S.W.3d 432, 435 (Tex.App.--El Paso 2006, no pet.).

*Attorney-Client Relationship*

In the first ground asserted in his motion for summary judgment, Mr. Stewart argued that he did not have an attorney-client relationship with Ms. Sotelo, and therefore did not owe her a duty of care.  Legal malpractice is a tort cause of action based on negligence.  *See Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 783 (Tex. 2006).  One of the essential elements of a legal malpractice cause of action is the attorney's duty to provide proper legal services to the plaintiff.  *See Belt*, 192 S.W.3d at 783 (elements of a legal malpractice cause of action are:  (1) the attorney owed the plaintiff a duty; (2) the attorney breached that duty; (3) the attorney's breach proximately caused the plaintiff's injuries; and (4) damaged occurred).  An attorney only owes a duty to his clients.  *See McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 792 (Tex. 1999); *Stancu v. Stalcup*, 127 S.W.3d 429, 432 (Tex.App.--Dallas 2004, no pet.), *citing Barcelo v. Elliott*, 923 S.W.2d 575, 578 (Tex. 1996).  When the existence of an attorney-client relationship between the plaintiff and the defendant is

-4-

disputed, the duty element becomes an issue for the trier of fact. *See Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 256 (Tex.App.--Houston [14th Dist.] 2003, pet. denied). When a defendant moves for summary judgment on the ground that no attorney-client relationship existed, the defendant must prove the non-existence of the relationship as a matter of law. *Stancu*, 127 S.W.3d at 432, *quoting Yaklin v. Glusing, Sharpe & Krueger*, 875 S.W.2d 380, 383 (Tex.App.--Corpus Christi 1994, no pet.).

While it is generally a relationship created by contract, an attorney-client relationship can be implied based on the conduct of the parties. *Sutton v. Estate of McCormick*, 47 S.W.3d 179, 182 (Tex.App.--Corpus Christi 2001, no pet.), *citing Mellon Service Co. v. Touche Ross & Co.*, 17 S.W.3d 432, 437 (Tex.App.--Houston [1st Dist.] 2000, no pet.). The relationship can be implied from the parties' conduct indicating the intent to enter into such a relationship. *See Daves v. Comm'n for Lawyer Discipline*, 952 S.W.2d 573, 577 (Tex.App.--Amarillo 1997, pet. denied), *citing Perez v. Kirk & Carrigan*, 822 S.W.2d 261, 265 (Tex.App.--Corpus Christi 1991, writ denied); *Parker v. Carnahan*, 772 S.W.2d 151, 156 (Tex.App.--Texarkana 1989, writ denied); *Duval County Ranch Co. v. Alamo Lumber Co.*, 663 S.W.2d 627, 633 (Tex.App.-- Amarillo 1983, writ ref'd n.r.e.). More specifically, an attorney-client relationship can be implied from the attorney's gratuitous rendition of professional services. *Perez*, 822 S.W.2d at 265.

According to Ms. Sotelo's summary judgment affidavit, she never spoke to or hired Mr. Stewart and never authorized him to take any legal actions on her behalf. Such evidence is contrary to the formation of an attorney-client relationship, and therefore, as Mr. Stewart argues, weighs against the duty element. *See Sutton*, 47 S.W.3d at 182 (attorney-client relationship is

based on contract whereby attorney agrees to provide professional services to client), *citing*

*Mellon Services Co. v. Touche Ross & Co.*, 17 S.W.3d 432, 437 (Tex.App.--Houston [1st Dist.]

2000, no pet.).  However, the record also contains evidence that regardless of his communication,

or lack thereof with Ms. Sotelo, Mr. Stewart added her name to documents filed with the trial

court in cause number 91-2527.  When viewed in the light most favorable to Ms. Sotelo, as the

non-movant, Mr. Stewart's actions raise a fact issue on the existence of an implied attorney-

client relationship.[4]  *See Daves*, 952 S.W.2d at 577.  As such, Mr. Stewart has not negated the

duty element as a matter of law, and summary judgment was not properly granted on this ground.

Issue One is sustained.

*Legal Malpractice Statute of Limitations*

In Issue Two, Ms. Sotelo contends that summary judgment was not properly granted on

Mr. Stewart's statute of limitations defense because, under the discovery rule, the date her cause

of action accrued remains a fact issue.  A defendant is entitled to summary judgment on the

affirmative defense of limitations by conclusively proving all the elements of the defense as a

matter of law.  *Pustejovsky v. Rapid-American Corp.*, 35 S.W.3d 643, 646 (Tex. 2000).  This

requires conclusively proving the date the cause of action accrued.  *Diversicare Gen. Partner,*

*Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).  The determination of when a cause of action

accrues is a question of law.  *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990).

If the defendant establishes that the statute of limitations bars the action, it becomes the

plaintiff's burden to produce summary judgment proof raising a fact issue in avoidance of the

---

[4] It is also worth noting that absent evidence to the contrary, Texas law presumes that an attorney who enters an appearance on another's behalf has authority to do so.  *See Kelly v. Murphy*, 630 S.W.2d 759, 761 (Tex.App.--Houston [1st Dist.] 1982, writ ref'd n.r.e.).

defense.  *Rubio*, 185 S.W.3d at 846.  If the plaintiff is able to raise a fact question on tolling of the statute of limitations, the defendant must negate the plaintiff's right to tolling of the statute as a matter of law.  *Hernandez v. Furr's Supermarket's, Inc.*, 924 S.W.2d 193, 195 (Tex.App.--El Paso 1996, writ denied).  Thus, the defendant must establish that the limitations period expired before the suit was filed.  *See Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 80-1 (Tex. 1989).

The two-year statute of limitations provided in Texas Civil Practice and Remedies Code Section 16.003(a) governs legal malpractice claims.  *See* TEX.CIV.PRAC.&REM.CODE ANN. § 16.003(a)(Vernon Supp. 2007); *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 120 (Tex. 2001).  Generally, the limitations period begins to run at the time facts have come into existence that provide a basis for a claimant to seek a judicial remedy.  *Apex Towing Co.*, 41 S.W.3d at 120.  The discovery rule is a limited exception which tolls the accrual of a cause of action which applies if, "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable."  *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006), *quoting Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996).  Therefore, the statute of limitations is tolled until the client discovers, or through the exercise of reasonable diligence should have discovered, the facts establishing the elements of a cause of action.  *Apex Towing Co.*, 41 S.W.3d at 120-21.  It is the plaintiff's duty to exercise reasonable diligence to discover facts of negligence or omission.  *Bayou Bend Towers Council of Co-Owners v. Manhattan Constr. Co.*, 866 S.W.2d 740, 742 (Tex.App.--Houston [14th Dist.] 1993, writ denied).  "When a plaintiff knew or should have known of an injury is generally a question of fact."  *Cadle Co. v. Wilson*, 136 S.W.3d 345, 352 (Tex.App.--Austin 2004, no pet.).  The

beginning of the limitations period can only be determined as a matter of law when the record is such that reasonable minds could not differ on the conclusion to be drawn from the facts. *Id.*, *citing Childs v. Haussecker*, 947 S.W.2d 31, 44 (Tex. 1998).

Ms. Sotelo's injury, if any, occurred sometime in 1994.[5] Ms. Sotelo did not file this lawsuit until late 2001, well beyond the two-year statute of limitations. *See* Tex.Civ.Prac.&Rem.Code Ann. § 16.003(a); *Apex Towing Co.*, 41 S.W.3d at 120. However, because Ms. Sotelo raised the discovery rule, Mr. Stewart's summary judgment burden included establishing as a matter of law that through the exercise of reasonable diligence, Ms. Sotelo should have discovered her injury more than two years before she filed this lawsuit. The summary judgment record includes evidence that legal documents, addressed to both Ms. Sotelo and her husband, were delivered by certified mail to the Sotelo home in February 1994. The record also indicates that Ms. Sotelo's daughter Mayra, signed for the documents when they arrived. Mr. Stewart argues that this evidence establishes, as a matter of law that Ms. Sotelo did know, or should have known, of her injury in 1994; over seven years' before the Canal property was seized. In essence, Mr. Stewart argues that because a reasonably diligent person keeps herself apprized of legal documents received in her home by certified mail, he has established a

---

[5] There is some disagreement whether Ms. Sotelo's injury, if any, occurred at the time Mr. Stewart added Ms. Sotelo's name to the style of the case in his motion, or at the time the trial court actually entered judgment in cause number 91-2527 several months later. However, we see no need to determine the actual date of the injury. Even if we were to assume that Ms. Sotelo's injury did not occur until December 1994 with the entry of judgment against her, as opposed to the February 1994 act she alleges was legal negligence, the statute of limitations ran long before she filed her claim. Regardless of which date was the date of injury, unless she succeeded in raising a fact issue on the discovery rule, her claim is time barred. Therefore, we will limit our analysis to the summary judgment evidence related to the discovery rule, and leave the discussion of whether the injury happened at the date of the alleged legal negligence, or the date of the adverse judgment, for another day.

matter of law that Ms. Sotelo should have known of her injury in February 1994.

As a general proposition, we agree that reasonable diligence includes reviewing mail that includes one's name as an addressee. *See e.g.* TEX.R.CIV.P. 21a (proper service of all plea, pleading, motion, or other request includes delivery by certified mail to the party's last known address); *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005)(absent a challenge, notice properly sent pursuant to Rule 21a raises a presumption that notice was received). However, in the summary judgment context, we are limited to reviewing the evidence in the light most favorable to the non-movant. *See Spates*, 186 S.W.3d at 568. While we review the record with an eye toward fact issues over which reasonable minded jurors could disagree, all doubts must be resolved against the motion. *See id*.

When viewed in the light most favorable to the non-movant, Ms. Sotelo's affidavit is evidence that she did not discover the lawsuit or judgment in cause number 91-2527 until 2001. Similarly, Ms. Sotelo's daughter's affidavit, is evidence that Ms. Sotelo could not have become aware of the lawsuit in 1994. Therefore, despite the evidence that Mr. Stewart sent documents to the household, addressed to Ms. Sotelo in 1994, Mr. Stewart has not established the accrual date of Ms. Sotelo's cause of action as a matter of law.[6] Issue Two is sustained.

Having sustained both of Appellant's issues, we reverse and remand the case for further proceedings.

May 22, 2008

DAVID WELLINGTON CHEW, Chief Justice

---

[6] In light of our decision, there is no need to address the remainder of Ms. Sotelo's arguments regarding the limitations defense.

Before Chew, C.J., Carr, J., and Gomez, Judge
Gomez, Judge (Sitting by Assignment)