# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

<hr>

## NO. 03-08-00040-CV

<hr>

**Bryan Hicks, Appellant**

**v.**

**Christina Rodriguez, Appellee**

<hr>

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-06-008076, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

<hr>

## M E M O R A N D U M   O P I N I O N

This appeal grows out of Bryan Hicks's representation of Christina Rodriguez in an earlier divorce proceeding. The resulting divorce decree awarded Rodriguez an interest in her husband's retirement and 401(k) benefits. Hicks failed to notify the husband's employer of this fact, however, so the employer later disbursed Rodriguez's share of the benefits to the husband when he retired. Hicks attempted to recover Rodriguez's share of the benefits from Rodriguez's ex-husband; when that effort failed, Rodriguez sued Hicks for his earlier failure to notify the employer of the divorce decree. A jury awarded Rodriguez $87,000 for legal malpractice, and the trial court rendered judgment on the jury's verdict. On appeal, as in the trial court, Hicks contends that Rodriguez's malpractice claim was barred by the statute of limitations. We will reverse the judgment and render judgment that Rodriguez take nothing.

## FACTUAL AND PROCEDURAL BACKGROUND

Rodriguez hired Hicks to represent her in her divorce from her former husband, Connie Brown. The divorce proceeding ended in a settlement and divorce decree, dated February 22, 1996, that awarded Rodriguez a portion of the retirement and 401(k) benefits Brown was to receive from his employer, the Lower Colorado River Authority (LCRA). The divorce decree contained a Qualified Domestic Relations Order instructing the LCRA to pay a portion of Brown's benefits directly to Rodriguez. Hicks did not properly transmit the Order to the LCRA, however, so when Brown retired in 2003, the LCRA paid Rodriguez's portion of the benefits to Brown.

Rodriguez became aware and notified Hicks of this fact in December 2003. Admitting his mistake, Hicks agreed to represent Rodriguez in seeking to recover her portion of the benefits. Hicks filed suit on Rodriguez's behalf and ultimately obtained a $215,000 judgment against Brown in December 2005. Brown never paid on the judgment. Rodriguez subsequently filed this malpractice suit against Hicks on December 4, 2006.

Rodriguez's petition included claims for breach of contract, breach of fiduciary duty, fraud, and legal malpractice, all predicated on Hicks's failure to properly notify the LCRA of the divorce decree ordering it to pay Rodriguez a portion of Brown's benefits. The parties went to trial on August 20, 2007. Rodriguez's trial evidence focused solely on her malpractice claim, and Hicks admitted that he had committed malpractice. Hicks argued, however, that Rodriguez's claim was time-barred because Rodriguez brought it more than two years after learning of Hicks's malpractice. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2008) (malpractice claims have two-year statute of limitations).

Hicks argued that Rodriguez learned of his malpractice when the LCRA paid out Brown's benefits in 2003. Rodriguez argued, in contrast, that she did not learn of Hicks's malpractice until she consulted another lawyer on June 1, 2006 to determine whether she had any claims against Hicks. The court submitted a jury question that asked, "By what date should Kristina [sic] Rodriguez, in the exercise of reasonable diligence, have discovered that her money had been lost due to the negligence of H. Bryan Hicks?" The jury returned an answer of "June 1, 2006," and the trial court accordingly rendered judgment for Rodriguez. The court denied Hicks's post-trial motions, and Hicks perfected this appeal.

## STANDARD OF REVIEW

We review a jury verdict for legal and factual sufficiency. In a legal-sufficiency review, we view the evidence in a light most favorable to the verdict and indulge every reasonable inference to support it, crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 822 (Tex. 2005). We will uphold the jury's finding if more than a scintilla of competent evidence supports it. *Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 830 (Tex. 2009). In a factual-sufficiency review, we consider and weigh all the evidence and set aside a finding "only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam).

3

**DISCUSSION**

Hicks asserts four points of error: (1) the evidence presented at trial was legally and factually insufficient to support the jury's finding that Rodriguez's claim accrued on June 1, 2006; (2) the trial court erred in denying Hicks's motion for instructed verdict; (3) the trial court erred in denying Hicks's motion to disregard the jury's answer; and (4) the trial court erred in granting judgment for Rodriguez because the allegations in her petition did not support each element of the judgment, and Rodriguez did not timely amend her petition. The first three of these issues turn on whether Rodriguez's claim was time-barred. We hold that it was, which obviates the need for us to address the fourth issue.

A legal-malpractice claim has a two-year statute of limitations that begins to run when the claim accrues. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a). A legal-malpractice claim normally accrues when the client sustains a legal injury. *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 156 (Tex. 1991). When the malpractice takes a form that is inherently difficult to discover, however, the "discovery rule" applies. *See Sotelo v. Stewart*, 281 S.W.3d 76, 82 (Tex. App.—El Paso 2008, pet. denied). Under the discovery rule, the statute of limitations on a malpractice claim is tolled until the client discovers, or should discover through the exercise of reasonable care and diligence, the facts establishing the elements of the claim. *Hughes*, 821 S.W.2d at 156.

The Texas Supreme Court has established a second tolling rule for malpractice claims: "[W]hen an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim against the attorney is tolled

4

until all appeals on the underlying claim are exhausted." *Id*. at 157. The court has subsequently instructed us to apply the *Hughes* rule only to cases that strictly meet these criteria and to disregard whether the policies behind the rule warrant extending it to cases that do not. *See Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 122 (Tex. 2001) ("[W]ithout re-examining whether the policy reasons behind the tolling rule apply in each legal-malpractice case matching the *Hughes* paradigm, courts should simply apply the *Hughes* tolling rule to the category of legal-malpractice cases encompassed within its definition."). *But cf. Gulf Coast Inv. Corp. v. Brown*, 821 S.W.2d 159, 160 (Tex. 1991) (per curiam) (applying *Hughes* rule to case in which attorney committed malpractice while executing foreclosure sale and client was later sued for wrongful foreclosure).

Following these instructions, we conclude that the *Hughes* rule does not apply here. Hicks committed malpractice by failing to properly transmit a copy of Rodriguez and Brown's divorce decree to the LCRA before Brown retired. The decree, issued at the conclusion of Rodriguez and Brown's divorce proceeding, was neither appealed nor otherwise challenged, and Brown did not retire until more than seven years later. Thus, at the time Hicks committed malpractice, and at the time the malpractice ripened into an injury to Rodriguez, Rodriguez was neither prosecuting nor defending a claim against Brown. As a result, *Hughes* does not apply to Rodriguez's enforcement suit against Brown.[1] *See Apex Towing*, 41 S.W.3d at 118 ("When an attorney commits malpractice

---

[1] The fact that Hicks filed suit against Brown in 2003 under the same cause number as the divorce proceeding does not indicate that the 2003 suit was a "continuation" or appeal of the divorce proceeding in the sense that *Hughes* requires; using the same cause number is standard procedure in filing a suit to enforce a divorce decree. *See* Tex. Fam. Code Ann. § 9.002 (West 2006) (court that rendered divorce decree retains power to enforce it); *cf. Finley v. Wilkins*, No. 07-07-00448-CV, 2009 Tex. App. LEXIS 2740, at *7 (Tex. App.—Amarillo Apr. 20, 2009, no pet.) (mem. op.) (treating suit to modify divorce decree as separate matter from underlying divorce proceeding even

5

*in the prosecution or defense of a claim* that results in litigation, the statute of limitations on a malpractice claim against that attorney is tolled until all appeals on the underlying claim are exhausted or the litigation is otherwise finally concluded.") (emphasis added). Put another way, *Hughes* applies only when an attorney commits malpractice while prosecuting or defending an "underlying claim." *Id*. Here, Rodriguez had no "underlying claim" against Brown when Hicks committed malpractice; rather, Hicks's malpractice *created* the claim to which Rodriguez would have us apply *Hughes*. We decline to do so. *See id*. at 122 ("[C]ourts should simply apply the *Hughes* tolling rule to the category of legal-malpractice cases encompassed within its definition.").

In contrast, the discovery rule does apply here; Rodriguez had no reason to discover Hicks's malpractice before the LCRA disbursed Brown's benefits.[2] But the discovery rule tolled the statute of limitations only until Rodriguez learned of the disbursement in late 2003. *See PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 93 (Tex. 2004) ("[T]he discovery rule . . . tolls limitations only until a claimant learns of a wrongful injury."). Rodriguez's subsequent decision to sue Brown before suing Hicks does not affect when Rodriguez's malpractice claim accrued. It is true that Rodriguez did not know in 2003 whether she could successfully mitigate her harm by suing Brown, but the discovery rule

> tolls limitations only until a claimant *learns* of a wrongful injury. Thereafter, the limitations clock is running, even if the claimant does not yet know:
> • the specific cause of the injury;
> • the party responsible for it;

though both suits were filed under same cause number).

[2] Rodriguez could, of course, have discovered Hicks's negligence earlier by double-checking whether Hicks properly notified the LCRA, but clients are entitled to rely on their attorneys until presented with a reason not to. *See Willis v. Maverick*, 760 S.W.2d 642, 645-46 (Tex. 1988).

- the full extent of it;
- *or the chances of avoiding it*.

*Id*. at 93-94 (emphasis added) (citations omitted).

Rodriguez's claims against Hicks might have accrued later than 2003 if Hicks had somehow concealed Rodriguez's harm, but Rodriguez testified at trial that she knew she had been harmed in late 2003. Indeed, not only did she know she had been harmed, she also knew the harm had been caused by Hicks's mistake.[3] If Rodriguez wanted to protect her rights against Hicks while pursuing Brown, she needed to file a malpractice suit within the two-year limitations period and ask

---

[3] Under cross-examination by Hicks, Rodriguez testified as follows:

HICKS: Okay. And then in late 2003 you found out that [Brown] had taken the money from LCRA in a lump sum; is that right?

RODRIGUEZ: Yes.

. . . .

HICKS: Do you recall that you would come into my office from time to time, and we would talk about what happened with the LCRA and the notice not going to them properly. Do you remember that?

RODRIGUEZ: Uh-huh.

HICKS: Okay. And each of those times I would generally end that with, "And that was my fault. And I'm sorry that that happened. And I'm going to go forward with this lawsuit against [Brown] to try to make that right." Do you recall those times?

RODRIGUEZ: You told me that.

HICKS: Okay.

RODRIGUEZ: Yes.

the court to abate it while she attempted to recover from Brown. *See Murphy v. Campbell*, 964 S.W.2d 265, 272 (Tex. 1997).

It is true that "[i]nquiries involving the discovery rule usually entail questions for the trier of fact." *Childs v. Haussecker*, 974 S.W.2d 31, 44 (Tex. 1998). "However, the commencement of the limitations period may be determined as a matter of law if reasonable minds could not differ about the conclusion to be drawn from the facts in the record." *Id*. That is the case here. Given that Rodriguez admitted she learned of her injury in 2003, her claim against Hicks accrued then. *See PPG Indus.*, 146 S.W.3d at 93. Rodriguez also learned at that time that Hicks was the party responsible for her injury. Thus, the jury's finding that Rodriguez's claim accrued on June 1, 2006 was not supported by legally sufficient evidence. Rather, Rodriguez's claim was, as a matter of law, time-barred when Rodriguez filed suit against Hicks in December of 2006. We reverse the trial court's judgment and render judgment that Rodriguez take nothing on her claims.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Reversed and Rendered

Filed:   February 10, 2010