**COMMUNITIES HELPING COMMUNITIES, INC.,**
Appellant,

v.

**CITY OF LANCASTER, Texas and Columbus Como d/b/a C&W Wrecking & Demolition, Appellees.**

No. 05–08–01516–CV.

Court of Appeals of Texas, Dallas.

July 14, 2010.

Susan H. Durham, Daniel L. Sullivan, Dallas, for appellant.

Steven S. Snelson, Gerstle, Minissale, Snelson, Darrell G–M Noga, Dallas, for appellees.

Before Justices RICHTER, FRANCIS, and LANG–MIERS.

## OPINION

Opinion by Justice RICHTER.

This action arises from the demolition of four houses owned by the appellant, Communities Helping Communities, Inc. ("CHC"), a non profit corporation. The City of Lancaster ("City") and C&W Wrecking & Demolition ("C&W") filed five motions for summary judgment, two of which were joint motions. All five motions for summary judgment were granted by the trial court. CHC raises two issues on appeal that relate to only two of the motions for summary judgment. Specifically, CHC argues the trial court erred in granting summary judgment on the issue of damages and that it had standing to assert its claim. We conclude the trial court did not err and affirm the trial court's judgment.

## BACKGROUND

CHC owned four, unoccupied, condemned houses in Lancaster, Texas. CHC was aware that the houses did not meet local building codes, but it intended to remediate the houses and then rent them and use the rental income for charitable purposes. CHC obtained the property by deed, prior to this litigation, at a cost of

$20,000. The seller of the property, not a party to this litigation, provided financing and CHC executed a promissory note and a deed in trust to secure the purchase price of the property.

The City warned CHC that the houses violated City building code and gave CHC sixty days to bring the houses into compliance. The houses were not remediated and on June 28, 2006, the City issued a demolition order authorizing immediate demolition of the four houses. CHC filed an application for a Temporary Restraining Order ("TRO") and obtained a TRO on June 30, 2006. On July 10, 2006, the City entered into a contract with C&W to demolish fifteen properties in the City of Lancaster, including the four houses owned by CHC. ("Demolition Contract"). (The City and C&W are referred to herein jointly as "appellees" or "defendants"). The Demolition Contract included penalties if C&W did not complete the work quickly. The City did not inform C&W that the TRO was in effect. On July 13, 2006, the City agreed to an extension of the TRO, and a hearing for a temporary injunction was set for July 28, 2006. It was also the date, C&W demolished the houses owned by CHC. The hearing on the temporary injunction never took place, because the houses had already been demolished.

Following demolition, CHC filed an amended petition that included a federal cause of action. The City filed a Notice of Removal and the proceeding was transferred to the U.S. District Court for the Northern District of Texas. The federal court remanded the action, finding that the federal claim for a taking under the U.S. Constitution was not ripe until CHC fully litigated its claim under the Texas Constitution and its claim was denied.

During the course of this litigation, appellees purchased the promissory note and all rights under the deed of trust from the original seller of the houses. At that time, CHC was in default under the note. However, there was a Second Amended Modification and Extension Agreement ("Modification Agreement") in effect that provided that CHC would not be required to make any payments until thirty days after a final judgment was entered in this litigation. The Modification Agreement further provided that it would remain in effect until February 29, 2008. After appellees became the owners of the note and deed of trust they did not agree to any further extensions. The Modification Agreement expired by its own terms on February 29, 2008, and CHC was in default under the terms of the note and deed of trust.

On March 31, 2008, CHC filed a Second Amended Petition against the City and C&W requesting the court to order the City Housing and Advisory Appeals Board to rescind the demolition order, and claiming negligent demolition, wrongful violation of the TRO, tortious interference with contract, and conspiracy. The amended petition also asserted claims against the City for wrongful taking under the U.S. and Texas Constitutions.

The City and C&W then filed a total of five traditional and no-evidence motions for summary judgment two of which were joint motions. The City filed two separate motions for summary judgment claiming sovereign immunity as to the negligence, tortious interference and civil conspiracy claims. C&W moved for summary judgment claiming there was no evidence of wrongful violation of the TRO, conspiracy, or tortious interference. The first joint motion for summary judgment was a no-evidence motion for summary judgment on all claims on the basis that there was no evidence of damages. The other joint motion for summary judgment alleged that CHC deeded away the right to sue in the

deed of trust and thus CHC lacked standing to assert any claims.

CHC only responded to the two joint motions for summary judgment. CHC filed a two page response to the motion for summary judgment on lack of damages. In its response, CHC alleged that the evidence in the appendix attached to its motion provided proof of damages and argued that cost of repair was the proper measure of damages, not diminution in value. In response to the joint motion for summary judgment on the issue of standing, CHC argued that the deed of trust created only a lien and it retained any interest in any damages recovered in excess of the lien. On September 4, 2008, the trial court entered an order granting all five of the motions for summary judgment and ordered that CHC take nothing from the City and C&W. Only the two joint motions for summary judgment are at issue on appeal.

## Standards for Summary Judgment

On appeal, we review a summary judgment de novo to determine whether a party's right to prevail has been established as a matter of law. *Stancu v. Stalcup*, 127 S.W.3d 429, 431–32 (Tex.App.-Dallas 2004, no pet.). When a party moves for a no evidence summary judgment, he is contending that the adverse party has no evidence to prove at least one element of the claim. *Rodgers v. Weatherspoon*, 141 S.W.3d 342, 344 (Tex.App.-Dallas 2004, no pet.); Tex.R. Civ. P. 166a(i). Once a party brings a no-evidence motion for summary judgment, the burden is on the non-movant to present enough evidence to raise a genuine issue of material fact on each of the challenged elements. *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832 (Tex.App.-Dallas 2000, no pet.). We review the entire record in a light most favorable to the non-movant. *Sudan*

*v. Sudan*, 199 S.W.3d 291, 292 (Tex.2006). Under the standards for a traditional motion for summary judgment the movant must establish that there is no genuine issue of material fact and he is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). When a party appeals a traditional motion for summary judgment the issue we decide is whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gonzalez v. Mission Am. Ins. Co.*, 795 S.W.2d 734, 736 (Tex.1990). When a defendant moves for a traditional summary judgment he must disprove, as a matter of law, one of the essential elements of the plaintiff's cause of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). When a party moves for summary judgment on multiple grounds and the trial court order grants summary judgment without specifying the grounds relied upon, the party appealing that order must negate all possible grounds upon which the order could have been based or the judgment must be affirmed on any of the grounds not complained of. *Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995); *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970).

## No Evidence Summary Judgment On the Issue of Damages

The City and C&W moved for summary judgment on the grounds that CHC "has no evidence of damages using the proper measure of damages allowed by law in this case." In their joint motion for summary judgment, the City and C&W argued that the correct measure of damages for permanent damage to real property is the difference in the fair market value of the property before the damage and the fair market value of the property after the damage. *City of Tyler v. Likes*, 962 S.W.2d 489, 497 (Tex.1997). The City and C&W argued that the only measure of

damages presented by CHC was the cost of replacement and that this was not the correct measure of damages. In addition, the City and C&W argued that CHC had presented no evidence on loss of business reputation, no evidence of loss of good will and had failed to show any basis to recover attorney fees, the other damages claimed by CHC. CHC filed a limited response to the motion for summary judgment and argued (1) the documents attached to its response prove the existence of a material fact concerning damages; and (2) the proper measure of damage is the cost of repairs, citing *Hollingsworth Roofing Co. v. Morrison,* 668 S.W.2d 872 (Tex.App.-Fort Worth 1984, no writ).

▪ In its brief on appeal, CHC sets forth a three sentence argument why the trial court erred in granting the City and C&W's motion for summary judgment on the issue of damages. CHC states:

> Appellees also sought and obtained in the trial court summary judgment on the basis that there was no evidence that the property had been rendered less valuable by the demolition. Appellant provided evidence in the form of an affidavit by its president that the value of the property had indeed been reduced by the demolition ... This evidence is sufficient.

These three sentences merely state that CHC provided evidence in the trial court that the property was rendered less valuable. CHC's brief does not provide any case citations on the proper measure of damages, any substantive analysis, or otherwise explain how the evidence is sufficient to defeat the City and C&W's motion for summary judgment. It is a well established rule that bare assertions of error, without argument or authority, waive error. Tex.R.App. P. 38.1 (appellate briefs must "contain a clear and concise argument for the contentions made, with ap-propriate citations to authorities and to the record.") The issues are waived on appeal if the appellant fails to comply with the rules. *Abdelnour v. Mid Nat'l Holdings, Inc.,* 190 S.W.3d 237, 241 (Tex.App.-Houston [1st Dist.] 2006, no pet.). Accordingly, we conclude that CHC waived the damage issue by failing to support it with appropriate authority on appeal. Tex.R.App. P. 38.1. In addition, CHC did not argue to the trial court that it had evidence to support diminution in value. Because the argument was not presented in the trial court, we may not consider it for the first time on appeal. *See* Tex.R.App. P. 33.1; Tex.R. Civ. P. 166a(c)("[i]ssues not express-ly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal"). Therefore, all issues regarding damages are overruled.

In its second issue on appeal, CHC argued that the trial court erred in granting the joint motion for summary judgment on standing. However, we need not decide the second issue raised by CHC. Even if CHC had standing to assert these claims, its claims fail because CHC did not prove damages. *Star–Telegram,* 915 S.W.2d at 473 (summary judgment will be affirmed if any theories raised in the trial court were meritorious). Therefore, the trial court's order granting summary judgment is af-firmed.