Jerry Robert JILEK, Appellant,

v.

Carrie Jilek CHATMAN, Appellee.

No. 8498.

Court of Civil Appeals of Texas, Beaumont.

March 12, 1981.

Jerald D. Crow, Conroe, for appellant.

Franklin R. Navarro, Houston, for appellee.

CLAYTON, Justice.

Appellant, Jerry Robert Jilek, appeals from a judgment modifying a prior order of appointment of managing conservator for the minor child of the appellant and appellee, Carrie Jilek Chatman.

Appellee, Chatman, was granted a divorce from Jilek on June 19, 1978. The decree named Chatman as managing conservator of their minor child during the months of January, November, and Decem-

ber of each year, and Jilek was appointed managing conservator of the child for the remaining months of the year.

On June 7, 1979, Chatman, joined by her present husband, filed her petition seeking to modify the original divorce decree as to the managing conservatorship of the child and sought to be appointed managing conservator of the child for the entire period of each year. Jilek filed his answer in the form of a general denial. On September 6, 1979, Jilek filed his motion to modify the original order and sought to be appointed managing conservator for the entire period of each year. On October 4, 1979, Chatman filed a motion to consolidate the two motions for modification, and, by agreement of the parties, the trial court on October 5, 1979, consolidated the two motions to modify. Jilek filed his motion for "Summary Denial" on October 17, 1979. This motion was overruled, and the trial court proceeded to trial, entered judgment modifying the original order, appointed Chatman as managing conservator of the minor child, and granted Jilek the right of "possession of the child" during two week-ends of each month and for a period of thirty days during the summer school vacation. It is from this judgment Jilek appeals.

Appellant's first point complains of error by the trial court in denying his "Motion for Summary Denial of Appellee's Motion to Modify." His complaint is that appellee's motion to modify was filed within a year following the entry of the divorce decree and did not have an affidavit attached to the motion as required by the Texas Family Code, *Tex.Fam.Code. Ann. § 14.08(d)* (Supp. 1980–1981). He argues the trial court, under such circumstances, should have summarily denied appellee's motion to modify. We do not agree.

*Section 14.08(d)* of the Texas Family Code provides that if a motion is filed for the purpose of changing the designation of the managing conservator within one year after the issuance of the order or decree to be modified, there shall be attached to the motion an affidavit containing allegations, with supportive facts, inter alia, that the child's present environment may endanger his physical health or significantly impair his emotional development. *Section 14.-08(e)* provides that, upon the filing of such motion, the court shall deny the motion and refuse to schedule a hearing thereon unless the court determines, on the basis of the affidavit, the adequate facts to support the required allegations are contained in the affidavit. If the facts stated are adequate to support the allegation, the court then will set a time and place for a hearing.

It was the obvious intention of the Legislature in putting *Section 14.08(d)* in the Family Code to give some stability to the provision for custody of children of divorced parents and to prevent the custody award from being relitigated within a short period of time, except in cases involving the children's physical health and emotional development. This section requires an initial determination by the court of whether the facts sworn to in the motion to modify justify a hearing. *Figueroa v. Figueroa,* 580 S.W.2d 621 (Tex.Civ.App.—El Paso 1979, no writ).

Chatman filed her motion to modify twelve days prior to the expiration of one year following the original custody order. She did not present her motion to the court requesting a hearing pursuant to *Section 14.08(e)*. The trial court took no action on this motion at the time of filing. Jilek, after service of process, did not seek a dismissal of the petition for failure to provide the required affidavit until approximately four months after the expiration of the one year period.

■ The proper procedure to be followed upon the filing of a motion pursuant to *Section 14.08(d)* is to present the motion to the trial court immediately upon the filing of such motion and obtain a date for hearing. This will enable the court to make the determination of the adequacy of the contents of the required affidavit. If such presentment is not made, a hearing date, based upon emergency conditions affecting the child, will not and cannot be made. In the absence of any such presentment to the trial court within the one year period fol-

lowing the initial custody order, we hold that such motion then can be set for hearing, and a hearing can be had thereon as if it was a motion to modify under any other relevant section of the Family Code which does not require the *Section 14.08(d)* affidavit. Under the facts of this case, we hold Chatman's motion to modify, which was set for hearing and actually was heard four months after the expiration of one year following the original custody order, could properly be heard by the trial court.

■ There is yet another reason for holding the trial court properly heard the motion to modify. After the expiration of the one year period, Jilek filed his motion to modify, and the two motions were consolidated and tried together. This was by agreement of the parties. Jilek's motion to modify properly invoked the jurisdiction of the court and could be heard at any time; it was not subject to the provisions of *Section 14.08(d)*. A suit properly invoking the jurisdiction of a court with respect to custody and control of a minor child vests that court with decretal powers in all relevant custody, control, possession, and visitation matters involving the child. The courts are given wide discretion in such proceedings. *Leithold v. Plass*, 413 S.W.2d 698 (Tex. 1967); *Ex parte Eaton*, 151 Tex. 581, 252 S.W.2d 557 (1952). The two motions raised the same issues and proof. Jilek sought the very opposite relief sought by Chatman. Under these circumstances, the trial court properly heard both motions at the same hearing and could properly enter an order in either or both motions.

Appellant's next three points challenge the legal and factual sufficiency of the evidence to support the trial court's findings that (1) "there had been material and substantial changes in circumstances since the divorce decree . . . ," (2) that "retention of [Jilek] as managing conservator would be injurious to the welfare of the child," and (3) "appointment of the mother as sole managing conservator would be a positive improvement for the child."

In reviewing Jilek's "no evidence points" concerning the court's findings, we must determine if there is any evidence of probative force to support such findings by giving credence only to the evidence favorable to them and by disregarding all evidence to the contrary. *Lucas v. Hartford Acc. & Indem. Co.*, 552 S.W.2d 796, 797 (Tex.1977).

A review of the record reveals that there is some evidence of probative force to support all of the material findings made by the trial court. The evidence shows that, prior to the divorce decree, Jilek had bisexual tendencies, and Chatman had found Jilek in bed with another man. Jilek admitted to her that he has had such bisexual tendencies since the age of fourteen. He admitted having engaged in such acts with another man since the divorce.

The record further shows that, since the divorce, relatives of Jilek with "criminal records" and "of vicious temperament and vicious characteristics" have "been coming over to the house where [the child] is living." Jilek's cousin, who "at times" has "a serious drinking problem" visits in Jilek's home and is around the minor child. This cousin lives with, but is not married to, a woman who has a child by the cousin. The minor child involved in the case at bar has been left with this woman on numerous occasions.

During the period when Jilek was managing conservator, the minor child lived with him and his second wife, his second wife's two children, and another young man. While Jilek is working, the child gets out of school at 11:00 a. m., is picked up at 1:00 p. m. by Jilek's wife and carried to the home of Jilek's mother until 4:30 or 5:00 p. m. There was testimony that when Chatman would take the child overnight, "the clothes that he [Jilek] packed in her suitcase were dirty and too big for her."

The minor child, at the time of the divorce, was approximately four years of age and was not going to school. At the time of this hearing, she was five years of age and was attending school. Under the original custody order, Jilek would have custody of the minor child a portion of the school year, and Chatman would have custody during a portion of the school year. This ar-

rangement would necessarily disrupt the child in changing schools during the year.

■ Since the divorce, Chatman has remarried, has a stable home atmosphere and a very acceptable surrounding for the rearing of a young female child, and presents an environment superior to the home life and environment of Jilek. Chatman is not *working and is able to supervise the child at all times.* A change of a noncustodial parent's condition which allows her to spend full time with the child is a material change in condition if it has taken place after the previous order directing custody. *This would be an increasingly important change since the mother has entered into a new marriage which has been shown to be stable and would establish a good environment for the child by allowing the mother to devote her energy to care for the child. In Interest of Anglin*, 542 S.W.2d 927 (Tex.Civ.App. —Dallas 1976, no writ); *Canavespe v. Havins*, 478 S.W.2d 166, 171 (Tex.Civ.App.— Fort Worth 1972, no writ).

■ By applying the appropriate standard of review of the evidence as stated in *Lucas v. Hartford Acc. & Indem. Co.*, supra at 797; and in *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951), the evidence is legally and factually sufficient to support the trial court's findings and the order modifying the managing conservator designation in the original decree.

Finding no error, the judgment of the trial court is affirmed.

AFFIRMED.