

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-12-00054-CR

_____

**THE STATE OF TEXAS,**

                                        **Appellant**

 **v.**

**LINDSEY BRYNNE SOUTHWELL,**

                                        **Appellee**

_____

### From the County Court at Law No. 1
### Brazos County, Texas
### Trial Court No. 11-00340-CRM-CCL1

_____

## MEMORANDUM  OPINION

_____

Lindsey Brynne Southwell was charged with the offense of driving while intoxicated.  TEX. PENAL CODE ANN. § 49.04 (West Supp. 2012).  She took a breath test.  The day of her trial, the trial court granted her motion to suppress the breath test results.  The trial court placed the burden on the State to show Southwell's "unequivocal consent" to the breath test.  The State appealed.  We reverse the suppression order and remand the proceeding to the trial court.

When reviewing a trial court's ruling on a motion to suppress, we view the

evidence in the light most favorable to the ruling. *State v. Robinson*, 334 S.W.3d 776, 778 (Tex. Crim. App. 2011). If the trial court makes findings of fact, we determine whether the evidence supports those findings. *Id*. We then review the trial court's legal rulings de novo unless the "supported-by-the-record explicit fact findings are also dispositive of the legal ruling." *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

The trial court concluded that unequivocal consent must be given before a breath test could be admitted and that the State did not show Southwell gave unequivocal consent. The trial court based these conclusions on the Court of Criminal Appeals opinion in *Erdman*. *Erdman v. State*, 861 S.W.2d 890 (Tex. Crim. App. 1993). *Erdman* does not stand for the proposition that unequivocal consent must be given or that the State would have the burden to prove such. *Erdman* is a voluntariness of the consent case. This is not.[1] As the trial court stated at the beginning of its findings of fact and conclusions of law, "The sole issue during the motion to suppress was whether the Defendant gave consent to the breath test."

Because section 724.011 of the Texas Transportation Code provides that a person arrested for DWI is "deemed to have given his consent" to the taking of a blood or breath specimen, a statutory presumption of consent exists. TEX. TRANSP. CODE ANN. § 724.011 (West 2011); *Rodriguez v. State*, 631 S.W.2d 515, 516 (Tex. Crim. App. 1982). The presumption of consent is so strong that "a person who is dead, unconscious, or

---

[1] The trial court found that the officer did not coerce Southwell into taking a breath test.

otherwise incapable of refusal is considered not to have withdrawn the consent provided by Section 724.011." TEX. TRANSP. CODE ANN. § 724.014 (West 2011); *State v. Amaya*, 221 S.W.3d 797, 800-801 (Tex. App.—Fort Worth 2007, pet. ref'd). Thus, the defendant, not the State, bears the initial burden at the suppression hearing to show that evidence exists rebutting the statutory presumption that she voluntarily consented to submit a breath specimen. *Id*.; *see, e.g., Kelly v. State*, 204 S.W.3d 808, 819 n.22 (Tex. Crim. App. 2006) (recognizing that defendant "had the initial burden to produce evidence to support a finding that she did not consent to [the] blood draw"); *see also State v. Johnston*, 336 S.W.3d 649 (Tex. Crim. App. 2011) (suspect had burden of showing blood draw was not reasonable); *State v. Robinson*, 334 S.W.3d 776 (Tex. Crim. App. 2011) (defendant had burden to prove person who drew blood was not qualified).

This case is much like the *Kelly* case where the defendant acquiesced in the blood draw taken at the emergency room. The Court in *Kelly* held that acquiescence to the blood draw also constituted consent to the blood draw. *Kelly*, 204 S.W.23d at 821. Here, Southwell vacillated in whether she would take the breath test. Several times, she indicated that she would take it. After she told the officer she would take the test, and while he was talking on the radio to dispatch, Southwell quietly, as if to herself, stated she did not "want to do that."[2] The officer stated that he did not recall hearing this statement at the time it was made. He believed she consented to take the breath test.

---

[2] It is noted that even as expressed by her statement, it was not a withdrawal of consent or an express refusal. It was another statement indicating her continued vacillation in her decision.

The trial court found the officer's testimony to be credible. In the end, without any further expression that could be characterized as a refusal, Southwell submitted to the breath test when it was presented to her. The record shows that Southwell did not rebut the presumption that she consented to take the breath test.

The trial court applied the incorrect burden of proof to the issue in Southwell's motion to suppress thus causing the trial court to erroneously suppress the breath test evidence. The State's first and third issues are sustained. Because of our disposition of these issues, the remainder of the State's issues and argument need not be addressed. *See* TEX. R. APP. P. 47.1.

The trial court's Order Granting Defendant's Motion to Suppress is reversed. This proceeding is remanded to the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Judge Gallagher[3]
Reversed and remanded
Opinion delivered and filed August 30, 2012
Do not publish
[CR25]

---

[3] Hon. George William Gallagher, Judge of the 396th District Court of Tarrant County, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (West 2005).