In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00425-CV**
_____

**IN THE INTEREST OF F.A.S.**

**On Appeal from the 411th District Court**
**San Jacinto County, Texas**
**Trial Cause No. CV13615**

**MEMORANDUM OPINION**

J.S (Father) appeals the trial court's order granting T.M. (Mother)[1] a summary judgment dismissing Father's petition to modify the parent-child relationship. We vacate the summary judgment and dismiss the appeal.

Background

Mother and Father divorced on May 7, 2008. According to the agreed final divorce decree (hereinafter "the divorce decree"), Mother and Father had one child,

---

[1] For purposes of confidentiality, we refer to the child and the parties by initials or by relationship to one another. *See* Tex. Fam. Code Ann. § 109.002(d) (West 2014).

1

F.A.S. In the divorce decree, both Mother and Father are designated as joint managing conservators of F.A.S. and Mother was awarded the exclusive right to designate the primary residence of F.A.S., without regard to geographic location.

On February 12, 2013, Father filed a Petition to Modify Parent-Child Relationship in Walker County, Texas. On March 12, 2013, the Petition to Modify Parent-Child Relationship was transferred from Walker County to San Jacinto County, and assigned cause number CV13615. On April 3, 2013, Father filed a First Amended Petition to Modify Parent-Child Relationship ("First Amended Petition to Modify") in San Jacinto County, Texas, the county where F.A.S. allegedly resided at the time of the filing of the amended petition. Father alleged in the First Amended Petition to Modify that "[t]he circumstances of the child, a conservator, or other party affected by the order to be modified have materially and substantially changed since the date of rendition of the order to be modified." Father also requested that the divorce decree's terms and conditions for access to or possession of F.A.S. be modified to provide that "[t]he parties shall not remove [F.A.S.] from San Jacinto and contiguous counties for the purpose of changing the primary residence of [F.A.S.] until modified by further order of the court of continuing jurisdiction or by written agreement signed by the parties and filed with the court." Additionally, Father requested a temporary restraining order and

permanent injunction against Mother, and attorney's fees, expenses, costs, and interest.

On May 2, 2013, the San Jacinto District Court held a hearing on Father's First Amended Petition to Modify. Father testified at the hearing that he filed the suit after Mother informed him that she was going to move to New Hampshire with F.A.S., live with her fiancé, quit her job, and homeschool F.A.S. Father testified he was seeking to restrict where F.A.S. lived because he believed F.A.S. was not comfortable with the idea of moving to New Hampshire and Father did not agree with Mother's decision to homeschool F.A.S. Father testified that he has "a big issue" with F.A.S. moving to New Hampshire and that he would like "to have a geographical restriction just to keep her here." He admitted that Mother tried to work out a proposed change in visitation in light of the move, and that he never met with her and then filed the suit to modify. Mother testified regarding her plans to move with F.A.S. to New Hampshire to live with Mother's fiancé, whose salary was sufficient enough to allow Mother to not work and to allow Mother to homeschool F.A.S. According to Mother, she had a proposal for possession and access that she was willing to offer Father, but she never had a chance to discuss it with Father. Mother testified that the move was in F.A.S.'s best interest, that Mother was willing to work on an agreement with Father regarding possession and

access, and that the move would not be a financial hardship for Father because Mother would pay the resulting extra expenses such as flight expenses. At the hearing on May 2, 2013, the trial court orally denied Father's motion to modify at the conclusion of the hearing. The court commented about the visitation schedule as proposed by Mother and asked Father if the parties were going to continue to have "another fight about [visitation]." The parties discussed the visitation terms on the record and Mother's attorney suggested a Rule 11 agreement and the parties agreed to put something in writing or file a trial amendment.

On May 21, 2013, and prior to entry of a written order or other judgment being entered of record on the First Amended Petition to Modify, but after the hearing and oral pronouncement on the record of the trial court denying the First Amended Petition to Modify, Father filed a Notice of Revocation of Agreement (Notice). In the Notice, Father stated he was revoking and rescinding any agreement that he "may have made during the trial on May 2, 2013, related to (1) the modification of possession and access of [F.A.S.] presented by [Mother] and/or (2) any 'trial amendment' related to the modification of possession and access of [F.A.S.]" Therein Father also "revoke[d] his consent to any judgment reflecting an agreement to the modification of the terms of possession and access to [F.A.S.]" On May 21, 2013, Father filed another pleading styled as "Petition to Modify

Parent-Child Relationship." Father filed the May 2013 Petition to Modify in the same cause numbered proceeding in which he previously filed his First Amended Petition to Modify. In his May 2013 Petition to Modify, Father requested that he be appointed as the person who has the right to designate F.A.S.'s primary residency; requested that Mother have possession of and access to F.A.S. pursuant to a standard possession order; requested a termination of his child support obligation; asked for the court to order that Mother be ordered to pay child support, to provide health insurance for F.A.S. or reimburse Father for the cost of health insurance, and that Mother pay an equitable portion of F.A.S.'s uninsured medical expenses; and requested that Father be awarded attorney's fees, expenses, costs, and interest.

On June 13, 2013, the trial court signed a written order denying Father's Petition to Modify. The order stated the following:

> On May 2, 2013 Petitioner's Petition to Modify Parent-Child Relationship was called to the attention of the Court.
> *Petitioner's Requested Modification*
> The suit was filed for the purpose of modifying the prior order of the Court to add a residency restriction for the child.
> IT IS ORDERED that the request to modify the prior order of the Court is DENIED.
> *Relief Not Granted*
> IT IS ORDERED that all relief requested in this case and not expressly granted is denied. All terms of the prior orders not specifically modified in this order shall remain in full force and effect.

On June 24, 2013, Father requested that the trial court provide written findings of fact and conclusions of law. On June 28, 2013, the trial court issued its Findings of Fact and Conclusions of Law. Therein the trial court made findings of fact as follows: Father and Mother are the parents of F.A.S., Father and Mother are joint managing conservators and Mother has the right to designate the child's primary residence, that Father is entitled to periods of possession with F.A.S. pursuant to the Standard Possession Order, that Mother plans to marry another man and move to New Hampshire with her new husband and her family, including F.A.S., that Father is requesting a modification to restrict the residency of the child to San Jacinto County, Texas and contiguous counties. The trial court made the following conclusions of law: the court has jurisdiction of the child at issue and the subject matter of the case, it is in the best interest of the child that Mother be allowed to move to New Hampshire and establish child's primary residence there, and the requested modification is not in the best interest of the child.

On March 20, 2014, Mother filed Respondent's Original Answer. On June 10, 2014, Mother filed a Motion for Summary Judgment asserting the following:

> (1) this lawsuit seeking to change the person with the exclusive right to determine the primary residence of the child was filed within one year of the rendition of an order denying a change to the scope, or terms of the then-existing designation; (2) there is no evidence that the standards of Texas Family Code Section 156.102 have been met; (3) there was no material and substantial change in circumstances of the

6

child, a conservator, or other party affected by the order to be modified; and (4) Petitioner is barred from seeking his requested relief in this lawsuit under common law principles of res judicata and collateral estoppel.

Mother attached certain exhibits to the summary judgment motion, including copies of the 2008 Agreed Final Decree of Divorce, the Petition to Modify Parent-Child Relationship filed February 12, 2013, the transcript from the hearing held on May 2, 2013, the Petition to Modify Parent-Child Relationship filed by Father on May 21, 2013, the Notice of Revocation of Agreement filed by Father on May 21, 2013, the Order of the trial court filed June 13, 2013, denying the Petition to Modify, the Findings of Fact and Conclusions of Law filed by the trial court on June 28, 2013, and Father's Answers to Interrogatories served on Mother on May 21, 2014.Father filed a response to Mother's summary judgment motion. Therein, Father argued that he was not required to file an affidavit because the requirements of section 156.102[2] do not apply because he was seeking to modify the 2008 Final

---

[2] Section 156.102 of the Texas Family Code addresses the modification of the exclusive right to determine primary residence of a child within one year of the order:

> (a) If a suit seeking to modify the designation of the person having the exclusive right to designate the primary residence of a child is filed not later than one year after the earlier of the date of the rendition of the order or the date of the signing of a mediated or collaborative law settlement agreement on which the order is based, the person filing the suit shall execute and attach an affidavit as provided by Subsection (b).

7

Decree of Divorce, which was entered more than a year prior to the filing of his second motion to modify. He cites to *Jilek v. Chatman*, 613 S.W.2d 558 (Tex. Civ. App.—Beaumont 1981, no writ), in support of his argument that even if the requirements of section 156.102(a) apply here, they expired because the trial court did not hold a hearing on Father's second petition to modify and Mother failed to bring the "alleged pleading defect to the trial court's attention until well after a year has [sic] elapsed since the parties were last before the court." Father also asserted that a genuine fact issue exits on the element of material and substantial

---

Tex. Fam. Code Ann. § 156.102(a) (West 2014). Subsection (b) requires that the affidavit allege at least one of the following, along with supporting facts:

> (1) that the child's present environment may endanger the child's physical health or significantly impair the child's emotional development;
>
> (2) that the person who has the exclusive right to designate the primary residence of the child is the person seeking or consenting to the modification and the modification is in the best interest of the child; or
>
> (3) that the person who has exclusive right to designate the primary residence of the child has voluntarily relinquished the primary care and possession of the child for at least six months and the modification is in the best interest of the child.

*Id.* § 156.102(b). Subsection (c) provides that, unless the court determines based on the affidavit that the facts in the affidavit are adequate to support the allegation listed in subsection (b), the court "shall deny the relief sought and refuse to schedule a hearing for modification under this section[.]"*Id.* § 156.102(c). If the court determines that the allegations are adequately supported by the facts stated in the affidavit then the court "shall set a time and place for the hearing." [2] *Id.*

8

change in circumstances and that the affirmative defenses of res judicata or collateral estoppel are not available to Mother, and Father attached his own affidavit.

Mother objected to Father's summary judgment affidavit on the grounds that it "is filled with numerous statements that contain hearsay, are speculative, are conclusory and/or are in violation of the best evidence rule." On August 22, 2014, Father filed a "Motion for Leave to File Supplemental Exhibit to Response to Motion for Summary Judgment" wherein Father sought permission from the trial court to supplement his Response to the Motion for Summary Judgment with an affidavit of Mother's new husband's ex-wife. On August 25, 2014, after a hearing on Mother's Motion for Summary Judgment, the trial court signed an order granting Mother's motion. Father appealed.

Issues on Appeal

In three appellate issues, Father argues the trial court erred in granting Mother's Motion for Summary Judgment. Father argues that the trial court erred because Father was not required to attach an affidavit under section 156.102 of the Texas Family Code, (2) there is a genuine issue of material fact about the circumstances of the child, a conservator or other party affected by the order had materially and substantially changed since May 2, 2013, and (3) the affirmative

9

defenses of res judicata and of collateral estoppel would not have been a proper basis for granting summary judgment because Mother failed to plead such defenses in her answer.

Analysis

After the hearing of May 2, 2013, but prior to the trial court's signing of the written order dated June 13, 2013, Father filed his May 2013 Petition to Modify in the same cause-numbered proceeding in which he previously filed his First Amended Petition to Modify. Father did not seek leave of court to file the May 2013 Petition and Father's filing of the May 2013 Petition was an ineffective attempt for a trial amendment. *See* Tex. R. Civ. P. 63 (requiring leave of court to amend), Tex. R. Civ. P. 67 (requiring leave of court to amend pleadings to conform to issues as tried). The May 2013 Petition was filed after the trial court made its oral pronouncement denying Father's request to modify. Thereafter, the trial court entered an order dated June 13, 2013, which was also signed after the filing of the May 2013 Petition, wherein the trial court states in relevant part that "IT IS ORDERED that *all* relief requested in this case and not expressly granted is denied." (emphasis added). Father requested findings of fact and conclusions of law which were entered by the trial court on June 28, 2013. We conclude that the written order signed and filed June 13, 2013, denying Father's Petition to Modify

10

disposed of the entire controversy and was a final appealable order. *See Lehmann v. Har-Con Corp*, 395 S.W.3d 191, 192-93 (Tex. 2001) (an order that disposes of all claims and parties then before the court is a final appealable order). Father failed to file a timely notice of appeal of the written order dated June 13, 2013. Tex. R. App. P. 26.1. We vacate the trial court's order granting Mother's motion for summary judgment, and we dismiss the appeal for lack of jurisdiction.

      VACATED AND DISMISSED.

 

_____

LEANNE JOHNSON
Justice

Submitted on March 19, 2015
Opinion Delivered October 29, 2015

Before Kreger, Horton, and Johnson, JJ.

11