

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00140-CV

_____

IN THE INTEREST OF J.A. AND B.A., CHILDREN

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. 14-08342-16

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

In this appeal from two no-evidence summary judgments in a suit to modify a conservatorship order, Father contends not only that he presented more than a scintilla of evidence that his children's circumstances had materially and substantially changed since the original order's rendition and that modification is in the children's best interest, but also that Mother's motions did not challenge all pleaded modification grounds. Because Mother did not seek summary judgment on all modification grounds, we reverse and remand.

## Background

Mother and Father divorced in 2014; the decree named them joint managing conservators of their two children[1] but did not give either parent the exclusive right to determine the children's residence. The trial court later modified the conservatorship order—in an order signed on November 13, 2018, based on a July 25, 2018 in-court rendition[2]—to name Mother the person with the exclusive right to determine the children's residence. The court also restricted the children's residential county to Denton County or contiguous counties.

---

[1]Mother has two older children—Brother and Sister—from a prior marriage.

[2]A judgment is rendered when a trial court makes an official pronouncement, in writing or orally in open court, of its decision; the later entry of a written judgment is purely ministerial. *Blackburn v. Blackburn*, No. 02-12-00369-CV, 2015 WL 2169505, at *5 (Tex. App.—Fort Worth May 7, 2015, no pet.) (mem. op.).

On March 7, 2019, Father filed a petition to further modify the conservatorship order. He alleged (1) that the children's circumstances had materially and substantially changed since the 2018 order's rendition and (2) that their environment could endanger their physical health or significantly impair their emotional development; he also alleged modifying conservatorship was in the children's best interest. *See* Tex. Fam. Code Ann. § 156.101(a)(1) (allowing for modification if in child's best interest and child's circumstances have materially and substantially changed), § 156.102 (if brought no more than one year after rendition of prior order designating the person with the exclusive right to designate a child's primary residence, allowing court to modify order only if petition has attached affidavit with facts showing possible physical or emotional endangerment). Father alleged that Mother had neglected the children and allowed eighteen-year-old Brother—who bullied then-10-year-old J.A.— to live with her and have unsupervised access to the children.

Father sought to be named the children's sole managing conservator and to deny Mother access altogether or allow her supervised access only. Father attached an affidavit to his petition in which he recounted three events that he alleged had occurred after the July 25, 2018 trial and conservatorship rendition: (1) Brother's sticking his fingers into J.A.'s throat to pull out some popcorn Mother allegedly had told J.A. he could eat and then dragging J.A. across the room; (2) Mother's leaving the children in her sister's care when, years before, sister's now-incarcerated ex-husband had sexually abused Sister; and (3) Mother's allegedly alienating the children by

3

sneaking them out of the dentist's office when Father showed up to their appointment and by refusing him phone and physical access to them.

After Father had responded to Mother's discovery requests, Mother filed a no-evidence summary-judgment motion. She specifically argued that Father could provide no evidence (1) that "a material and substantial change of circumstances . . . warrants modification" and (2) that modification would be in the children's best interest. *Id.* § 156.101(a)(1).

Father responded in two ways. First, on May 8, 2020, he filed an amended motion to modify with substantially the same allegations and modification grounds as the original petition.[3] Father also filed a response to the no-evidence motion, to which he attached thirty exhibits, including deposition transcripts, discovery responses, and the affidavits that he had attached to his petition. Although Mother objected to roughly half of Father's exhibits, the trial court never expressly ruled on her objections. *See Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 164–65 (Tex. 2018) (holding that summary-judgment-evidence objections generally are not preserved if a party does not obtain a written ruling).

---

[3]Father included some new requests: among them, a temporary restraining order and injunction and permanent injunction; a parenting-facilitator appointment; counseling; and alternative relief that he and Mother be named joint managing conservators with Father being the person with the exclusive right to designate the children's residence.

The trial court granted the no-evidence summary judgment on Father's request for modification under Section 156.101(a)(1)—materially and substantially changed circumstances—but not under Section 156.102(b)(1)—possible endangerment—because Mother had not sought summary judgment on the second ground. The trial court set trial on the latter claim for August 2020.

Mother then filed a second no-evidence summary-judgment motion, on "any of [Father's] claims that [a] material and substantial change of circumstances ha[s] taken place since the entry of the prior . . . order" and that "the child[ren]'s present environment may endanger [their] physical health or significantly impair [their] emotional development." Father again responded and attached the same evidence— save for one omitted document—that he had attached to his first summary-judgment response. Mother filed the same objections, but the trial court again did not rule on them.

Before the trial court set a hearing on the second motion, Father filed a second amended petition to modify that included a new modification ground: that Father believed that J.A., who was at least 12, would express to the court in chambers the name of the person he preferred to have the exclusive right to designate his residence. *See* Tex. Fam. Code Ann. § 156.101(a)(2).

The trial court granted Mother's second summary-judgment motion and included express finality language in the judgment.

## Section 156.102 does not control amended petitions

We must first address which statutory grounds were available to Father when he filed his several petitions. Mother contends that Father could seek to modify conservatorship only under Family Code Section 156.102. Under that section, a person seeking to change the parent with the exclusive right to designate a child's residence within one year of rendition of an order naming the parent with that right must meet heightened pleading requirements: instead of showing a material and substantial change in circumstances, the filer must plead facts showing that the child's environment could endanger her physical health or significantly impair her emotional development, among other things.[4] *See* Tex. Fam. Code Ann. § 156.102(a)–(b); *In re S.A.E.*, No. 06-08-00139-CV, 2009 WL 2060087, at *1 (Tex. App.—Texarkana July 17, 2009, no pet.) (mem. op.); *In re C.L.L.*, No. 12-06-00007-CV, 2007 WL 2045241, at *3 (Tex. App.—Tyler July 18, 2007, no pet.) (mem. op.) (describing Section 156.102 as requiring "a heightened standard of verified pleading"). No one disputes that Section 156.102 applied to Father's original petition. *See Guion v. Guion*, 597 S.W.3d 899, 904 n.3 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (holding that Section 156.102 applies based on date judgment is rendered, not signed); *In re C.H.*, No. 02-13-00312-CV, 2014 WL 3891636, at *3 (Tex. App.—Fort Worth Aug. 7, 2014,

---

[4]Also under Section 156.102 a filer can show, in addition to best interest, that the person with the exclusive right to designate the child's residence (1) agrees to the modification or is the filer himself or (2) "has voluntarily relinquished the primary care and possession of the child for at least six months." *Id.* § 156.102(b).

no pet.) (per curiam) (mem. op.) (same). But the parties dispute whether Section 156.102 applies to Father's amended petitions.

Mother contends that because Father's successive amended petitions did not plead any "new, distinct, or different transactions or occurrences," they relate back to his original petition and Section 156.102 thus applies to all of his petitions. But Section 156.102's heightened pleading requirement does not apply to an amended modification pleading filed more than one year after the order to be modified. *See C.L.L.*, 2007 WL 2045241, at *1–3 (citing Tex. R. Civ. P. 65); *cf. In re Eddins*, No. 05-16-01451-CV, 2017 WL 2443138, at *5 (Tex. App.—Dallas June 5, 2017, orig. proceeding [mand. denied]) (mem. op.) (relying on *C.L.L.*); *In re C.S.*, 264 S.W.3d 864, 875 (Tex. App.—Waco 2008, no pet.) (holding that dismissal of suit for failing to meet heightened Section 156.102 showing is without prejudice because filer can remedy pleading deficiency); *Jilek v. Chatman*, 613 S.W.2d 558, 559–60 (Tex. App.—Beaumont 1981, no writ) (holding Section 156.102 did not apply to consolidated motions to modify, one of which was filed before one-year mark). Accordingly, we will consider the grounds raised in all of Father's pleadings in determining the final judgment's propriety.

### Second summary judgment was partially improper

In his second issue, Father contends that the trial court erred by granting summary judgment on his claim to modify conservatorship under Family Code Section 156.101(a)(2)—that J.A., then at least 12, had expressed to the court in

7

chambers that he preferred to live with Father—when Mother never sought summary judgment on that ground. Tex. Fam. Code Ann. § 156.101(a)(2).

**To appeal this complaint, Father did not need to object after final judgment**

Mother argues that Father failed to preserve this complaint because he did not object to the inclusion of the finality language in the judgment. But although a party must preserve for appellate review a complaint that the trial court's erroneous inclusion of finality language precluded the party from seeking further statutorily authorized relief for prevailing on a claim, *see In re Est. of Bendtsen*, 230 S.W.3d 823, 831 (Tex. App.—Dallas 2007, pet. denied), a party need not file a postjudgment motion to complain on appeal that the trial court erroneously granted summary judgment on a claim not raised in the motion, *see Boren v. Newport Operating, LLC*, No. 02-19-00358-CV, 2020 WL 6325814, at *2 (Tex. App.—Fort Worth Oct. 29, 2020, no pet.) (mem. op.) (concluding that Boren did not need to preserve argument that trial court was not authorized to award attorney's fees in the judgment, in part because "[a] nonmovant may file no answer at all to a motion for summary judgment and still contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment"); *Stancu v. Stalcup*, 127 S.W.3d 429, 431, 434 (Tex. App.—Dallas 2004, no pet.). Thus, we will review Father's second issue.

8

**Mother failed to move for summary judgment on one pleaded ground**

A no-evidence summary-judgment motion must specifically "state the elements as to which there is no evidence"; thus, a trial court may not grant a no-evidence motion on any ground not included in the motion. Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). A summary-judgment ruling must be based on the timely-filed, live pleadings at the time of the hearing. Tex. R. Civ. P. 166a(c). When a party files an amended pleading within seven days before a summary-judgment hearing, we presume that the trial court granted leave to do so if the summary judgment states that all pleadings were considered, the record does not indicate that the amended pleading was not considered, and the opposing party does not show surprise. *Searcy as Tr. for Est. of Primera Energy, L.L.C. v. R.W. Dirks Petroleum Eng'r, Inc.*, No. 01-18-00397-CV, 2020 WL 2026322, at *7 (Tex. App.—Houston [1st Dist.] Apr. 28, 2020, pet. denied) (mem. op.).

Mother filed her second no-evidence motion on June 26, 2020; Father filed his second amended petition on July 10, 2020, in which he raised a new modification ground, Section 156.101(a)(2), that Mother had not challenged in her summary-judgment motion. The trial court considered the second no-evidence motion on January 5, 2021, along with Father's motion to reconsider the first summary-judgment ruling, and also "review[ed] the pleadings." In the six months between the filing of the amended petition and submission of her summary-judgment motion, Mother neither

9

amended her motion nor filed a supplemental or additional motion on the Section 156.101(a)(2) modification ground.

Because Mother did not seek a no-evidence summary judgment on this timely-pleaded and considered ground, the trial court erred by granting Mother a no-evidence summary judgment on this ground.[5] *See Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695–96 (Tex. 2017). Thus, we sustain Father's second issue.

**Remand of case and all interlocutory rulings is appropriate remedy**

In his first and third issues, Father challenges the trial court's summary-judgment rulings on the other two pleaded modification grounds. Ordinarily, we would address whether summary judgment on those grounds was proper before remanding on the improperly granted ground. *See, e.g.*, *Horton v. Stovall*, No. 05-16-00744-CV, 2020 WL 7640042, at *6–19 (Tex. App.—Dallas Dec. 23, 2020, no pet.) (mem. op. on remand); *Reynolds v. Murphy*, 188 S.W.3d 252, 267–75 (Tex. App.—Fort Worth Feb. 9, 2006, pet. denied). But because one pleaded claim survives, those rulings will be interlocutory—and therefore subject to reconsideration—on remand. *See Reynolds v. Murphy*, 266 S.W.3d 141, 146–47 (Tex. App.—Fort Worth 2008, pet. denied) (noting that when an appellate court remands without limiting trial to a

---

[5]Thus, it makes no difference to our analysis (1) whether the trial court had already interviewed J.A. in chambers and knew his preference or (2) whether the trial court had determined that Father provided no evidence regarding the children's best interest on Father's other pleaded modification grounds.

particular issue, "the cause is pending and amended pleadings may be filed"); *cf. C.S.*, 264 S.W.3d at 875 (holding that modification pleading deficiency can be remedied).

On remand, Father need not meet the heightened pleading requirements of Section 156.102 to maintain his modification suit because over a year has passed since the July 2018 order. *See C.L.L.*, 2007 WL 2045241, at \*1–3; *see also Guion*, 597 S.W.3d at 940. And whether a material and substantial change of circumstances has occurred since July 2018—for purposes of repleading under Section 156.101(a)(1)—is a question of fact "made 'according to the circumstances as they arise.'" *Nellis v. Haynie*, 596 S.W.3d 920, 925–26 (Tex. App.—Houston [1st Dist.] 2020, no pet.). To prove such a change, the movant must "show the conditions that existed at the time of the prior order," as well as "the conditions that exist[] at the time of the hearing on the motion to modify." *See id.* (quoting *In re K.D.B.*, No. 01-18-00840-CV, 2019 WL 4065276, at \*7 (Tex. App.—Houston [1st Dist.] Aug. 29, 2019, no pet.) (mem. op.)). Because Father is no longer required to meet the Section 156.102 heightened pleading and proof requirements, because Section 156.101(a)(1)'s material-and-substantial-change requirement is time- and situation-specific,[6] and because any further proceedings on the remaining claim in Father's second amended petition could be relevant to whether such a change has occurred, we decline to address the merits of Father's first and third issues in this appeal. *See* Tex. R. App. P.

---

[6] For instance, B.A. is now 12.

11

47.1; *cf. Harris Cnty. v. S.K. & Bros., Inc.*, No. 14-17-00984-CV, 2019 WL 5704244, at *6 n.4 (Tex. App.—Houston [14th Dist.] Nov. 5, 2019, pet. denied) (mem. op.) (declining to address merits of sanctions order that became interlocutory because of dismissal-order remand).

## Conclusion

Having sustained Father's second issue, we reverse the trial court's judgment and remand this case for further proceedings consistent with this opinion.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: June 30, 2022