

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-26-00116-CV

---

IN RE G.M., Relator

---

Original Proceeding
County Court at Law of Hood County, Texas
Trial Court No. CL2019011

---

Before Kerr, Birdwell, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Relator G.M. (Mother) filed this petition for writ of mandamus in which she contends that the trial court abused its discretion by proceeding with a hearing on N.M.'s (Father's) petition to modify the parent–child relationship and by entering temporary orders in violation of Section 156.102 of the Texas Family Code. *See* Tex. Fam. Code Ann. § 156.102. We agree and, accordingly, conditionally grant her petition for writ of mandamus.

## I. Background

Mother and Father dispute whether Father filed his petition to modify within one year of "the rendition of the [previous] order." *See id.* § 156.102(a). If he did, it triggered a requirement that even the trial court acknowledged Father did not meet.

The starting point is Mother and Father's 2019 divorce. Under the divorce decree, Mother had the exclusive right to designate the child's primary residence and to enroll the child in school. Mother and Father had alternating weeks of possession.

Thereafter, sometime in 2024, Mother filed a petition to modify. For our purposes, the parties agree that at the October 30, 2024 hearing on Mother's petition, the trial court orally rendered judgment on everything except Christmas possession. However, the trial court did not sign a written judgment until January 2, 2025. Mother continued as the parent with the exclusive right to designate the primary residence of the child and to enroll the child in school.

Then, in October 2025, Mother purchased a home in a city an hour away from where she had previously lived and enrolled the child in a school in that city. This meant that during Father's weeks of possession, the child would spend an hour being driven to school in the morning and an hour being driven home after school in the afternoon. This also meant that Father, during his weeks of possession, would be spending four hours each day driving the child to and from school.

Father filed a petition to modify the parent–child relationship on October 24, 2025. He specifically asked that he be named as the conservator with the exclusive right to determine the child's primary residence.

At the November 7, 2025 hearing, the trial court found Father's supporting affidavit insufficient.[1] *See id.* § 156.102(b)(1). Mother argued that Father's petition should be denied and objected to proceeding any further. *See id.* § 156.102(c). But the trial court proceeded anyway, finding that more than a year had passed since the rendition—implicitly ruling that Section 156.102 did not apply—so the insufficiency of the supporting affidavit was immaterial. After hearing the evidence, the trial court found that there was a material change in circumstances, ordered Mother to do all the driving to and from school during Father's weeks of possession, reduced Father's child support, and appointed an amicus attorney.

---

[1]The record shows that the trial court had a previous hearing, apparently off the record, at which it held that the affidavit was insufficient.

3

## II. Discussion

In Mother's first three issues, she argues that (1) the trial court miscalculated the one-year period under Section 156.102(a); (2) the trial court, after finding Father's affidavit insufficient, abused its discretion by not denying[2] Father's petition to modify as required by Section 156.102(c); and (3) the trial court abused its discretion by proceeding with a temporary-orders hearing because Section 156.102(c) authorizes proceeding only if the trial court finds the supporting affidavit sufficient. *See id.* § 156.102(a), (c).

### A. Whether Father "filed" his petition to modify within one year of "the rendition of the [previous] order"

Section 156.102 of the Texas Family Code discourages certain suits from being filed within one year of the previous order, and in this instance, it required an affidavit that made specific showings:

> (a) If a suit seeking to modify the designation of the person having the exclusive right to designate the primary residence of a child is filed not later than one year after . . . the date of the rendition of the order . . . , the person filing the suit shall execute and attach an affidavit [meeting certain requirements].

Tex. Fam. Code Ann. § 156.102(a).

---

[2]At trial, Mother argued that the trial court was required to "deny the relief sought and deny a hearing." But in her petition for writ of mandamus, she asks that Father's petition to modify be dismissed and that his request for temporary orders be denied. Section 156.102(c) says the relief shall be denied. Tex. Fam. Code Ann. § 156.102(c). We are required to construe briefs liberally and to reject form over substance whenever possible. *Kanas v. Smith-Ward*, No. 02-24-00394-CV, 2025 WL 1478173, at *4 (Tex. App.—Fort Worth May 22, 2025, pet. denied) (mem. op.). Here, we place no significance on Mother's use of "dismiss" instead of "deny."

Father filed his petition to modify on October 24, 2025. Whether we use the "render" date (October 30, 2024) or the "signing" date (January 2, 2025),[3] Father filed his petition to modify within one year of both the rendition and the written order.

The trial court, however, appears to have treated November 7, 2025—the date on which the hearing was conducted—as if it were the date on which the "suit seeking to modify . . . [wa]s filed" for purposes of Section 156.102(a).[4] If the trial court was correct, then November 7, 2025 was more than one year from the October 30, 2024 rendition, and the Section 156.102(a) affidavit requirement was never triggered. Father cites no authority to support the trial court's use of the hearing date as the filing date under Section 156.102(a).

Nevertheless, the proposition that the date of the hearing can be used when determining the applicability of Section 156.102 is not devoid of legal support. *See Jilek v. Chatman*, 613 S.W.2d 558, 559–60 (Tex. App.—Beaumont 1981, no writ). In *Jilek*, the mother did not attach any affidavit to her petition to modify. *Id.* at 559. Under the statutory predecessor of Section 156.102(a), the court wrote that the proper procedure after filing a petition to modify was to present it to the trial court and obtain a hearing date within the one-year period. *Id.* Petitioners who did not present

_____

[3]Mother argues that we should use January 2, 2025, because it was the "final rendition" date.

[4]Although not a model of clarity, Mother appears to link her insistence on using January 2, 2025, as the rendition date to the trial court's using November 7, 2025, as the filing date. Because we reject using November 7, 2025, as the filing date, whether we use October 30, 2024, or January 2, 2025, as the rendition date is mooted.

their motion to modify within the one-year period could nevertheless set a hearing on it but would no longer be required to comply with Section 156.102(a). *Id.* The court concluded, "Under the facts of this case, we hold [that the mother's] motion to modify, which was set for hearing and actually was heard four months after the expiration of one year following the original custody order, could properly be heard by the trial court."[5] *Id.* at 560.

On the other hand, later authority rejects the proposition that the date of the hearing is a factor when determining the applicability of Section 156.102: "This situation is governed by the plain meaning of Section 156.102(a), which expressly makes the filing of the motion within the one-year time frame the trigger for its application, and which fails to suggest that the timing of any subsequent hearing is of any importance in that application." *In re S.A.E.*, No. 06-08-00139-CV, 2009 WL 2060087, at *5 (Tex. App.—Texarkana July 17, 2009, no pet.) (mem. op.). Section 156.102(a)'s plain meaning governs; the dispositive date is contingent on when the petition to modify is filed, not when the trial court holds its first hearing on

---

[5]This discussion in *Jilek* is arguably dicta. The opinion gave a second reason why the trial court properly considered the mother's motion to modify: the father had filed his own petition to modify that was not subject to Section 156.102, and the parties had agreed to consolidate and try both petitions together. *Jilek*, 613 S.W.2d at 560. Put differently, the father had not preserved any complaint regarding the defect in the mother's petition. *See* Tex. R. App. P. 33.1.

the petition.[6]  *See* Tex. Fam. Code Ann. § 156.102(a); *Baumgardner v. Brazos River Auth.*, 714 S.W.3d 597, 601 (Tex. 2025) ("[W]e rely on the plain meaning of the statutory text, reading contextually 'to give effect to every word, clause, and sentence' and giving undefined words their 'common, ordinary meaning unless a more precise definition is apparent from the statutory context or the plain meaning yields an absurd result.'").

We conclude that Father filed his petition within one year of the rendition of the previous order and thus fell within Section 156.102(a).  Accordingly, the trial court abused its discretion by concluding that Section 156.102 did not apply because more than a year had passed since the previous rendition.

We sustain Mother's first issue.

### B. Whether the trial court should have denied Father's petition to modify and whether it should have proceeded with the hearing after finding Father's supporting affidavit insufficient

The Section 156.102 affidavit requirement, if not complied with, has consequences.  If the affidavit fails to meet the standard set out in the statute, the trial court is required to deny the suit and proceed no further:

(c) The court shall deny the relief sought and refuse to schedule a hearing for modification under this section unless the court determines,

---

[6]Assuming October 24, 2025, was the prior rendition date, Father could have filed an amended petition on October 25, 2026, without having to comply with Section 156.102's requirements: "Section 156.102's heightened pleading requirement does not apply to an amended modification pleading filed more than one year after the order to be modified." *In re J.A.*, No. 02-21-00140-CV, 2022 WL 2353096, at *3 (Tex. App.—Fort Worth June 30, 2022, no pet.) (mem. op.).

on the basis of the affidavit, that facts adequate to support [a required statutory] allegation . . . are stated in the affidavit. If the court determines that the facts stated are adequate to support an allegation, the court shall set a time and place for the hearing.

Tex. Fam. Code Ann. § 156.102(c).

Both Mother and Father agree that the trial court held Father's supporting affidavit insufficient. At the November 7, 2024 hearing, Mother argued that the trial court should deny Father's petition to modify and objected to proceeding with the hearing; the trial court proceeded anyway. Now that we have established that Section 156.102 did apply, we hold that the trial court should have denied Father's petition to modify and not proceeded to any hearing—as provided under Section 156.102(c). *See id.*

Father, however, contends that his compliance with the affidavit requirement was mooted precisely because the trial court proceeded with an evidentiary hearing. Father cites an unpublished opinion from the Amarillo Court of Appeals to support his proposition that, since the affidavit requirement is there for the sole purpose of helping the trial court determine whether an evidentiary hearing is necessary, if the trial court proceeds with such a hearing, the issue of whether it should have done so is no longer relevant. *See In re Barkley*, 07-09-0180-CV, 2009 WL 2431499, at *1 (Tex. App.—Amarillo Aug. 10, 2009, orig. proceeding) (not designated for publication). Father may be construing *Barkley* too broadly. *Barkley* does not state whether the relator objected to the trial court's proceeding with an evidentiary

8

hearing, and other opinions show that a failure to object results in not preserving any complaint pertaining to any deficiency in the affidavit under Section 156.102. *See In re J.B.J.*, 649 S.W.3d 828, 830 (Tex. App.—Waco 2022, no pet.); *In re C.R.J.*, No. 06-13-00053-CV, 2014 WL 199209, at *4 (Tex. App.—Texarkana Jan. 17, 2014, no pet.) (mem. op.); *In re A.C.S.*, 157 S.W.3d 9, 17–19 (Tex. App.—Waco 2004, no pet.); *see also In re Eddins*, No. 05-16-01451-CV, 2017 WL 2443138, at *5 (Tex. App.—Dallas June 5, 2017, orig. proceeding [mand. denied]) (mem. op.) (providing summary suggesting no objection to evidentiary hearing).

Here, Mother objected to the trial court's proceeding with any hearing. If the trial court could moot Section 156.102(c) by proceeding with an evidentiary hearing despite an objection, it would unilaterally eviscerate Section 156.102(c). Courts cannot construe a statute in a manner that eviscerates it. *See Morath v. Lampasas Indep. Sch. Dist.*, 686 S.W.3d 725, 744 (Tex. 2024); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). We decline to adopt Father's proposed construction of Section 156.102(c); that is, we decline to give the trial court the discretion to moot the Section 156.102(c) objection raised by Mother by proceeding with a hearing. Section 156.102 expressly states that the trial court "shall . . . refuse to schedule a hearing" when the affidavit is insufficient. Tex. Fam. Code Ann. § 156.102(c). We hold that the trial court abused its discretion.

We sustain Mother's second and third issues.

### C. Mother's remaining issues

By sustaining Mother's first three issues, we will instruct the trial court to vacate its temporary order and enter an order denying Father's petition to modify. In doing so, we render moot Mother's remaining issues (4–7), which attack specific aspects of the temporary order that resulted from the November 7, 2025 hearing.

## III. Conclusion

We conditionally grant Mother's petition for writ of mandamus. We direct the trial court to vacate its December 19, 2025 temporary order and to enter an order denying Father's petition to modify the parent–child relationship. *See* Tex. Fam. Code Ann. § 156.102(c). We are confident the court will comply. The writ will issue only if it does not.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: April 30, 2026

10